# EXHIBIT A





**Entity Name:** INSTANT CHECKMATE, LLC
**Jurisdiction:** CA
**Date:** 6/28/2019
**Receipt Method:** Process Server
**Case Number:** 2019CH7517
**Plaintiff:** STEPHANIE LUKIS AND ROBERT FISCHER
**Defendant:** INSTANT CHECKMATE LLC
**Document Type:** Summons & Complaint

Return Date: No return date scheduled
Hearing Date: 10/21/2019 9:30 AM - 9:30 AM
Courtroom Number: 2305
Location: District 1 Court
 Cook County, IL

FILED
6/25/2019 2:12 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH07517

5546391

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

**Summons - Alias Summons** (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Stephanie Lukis and Robert Fischer

(Name all parties) Case No. 2019CH7517

v.

Instant Checkmate LLC

☑ **SUMMONS** ☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 3

Summons - Alias Summons (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

FILED DATE: 6/25/2019 2:12 PM 2019CH07517

Atty. No.: 6329085

Atty Name: Roberto Costales

Atty. for: Plaintiff

Address: 107 W. Van Buren #209

City: Chicago

State: IL  Zip: 60605

Telephone: 773-831-8000

Primary Email: rlc@beaumontcostales.com

Witness: _____

6/25/2019 2:12 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

FILED DATE: 6/25/2019 2:12 PM   2019CH07517

# CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

**Daley Center Divisions/Departments**

- Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

Return Date: No return date scheduled
Hearing Date: 10/21/2019 9:30 AM - 9:30 AM
Courtroom Number: 2305
Location: District 1 Court
Cook County, IL

FILED 5510858
6/21/2019 2:44 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH07517

FILED DATE: 6/21/2019 2:44 PM   2019CH07517

**12-Person Jury**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| Robert Fischer and Stephanie Lukis, individually and on behalf of all others similarly situated, | ) ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) ) |
| Instant Checkmate LLC, | ) ) ) |
| *Defendant*. | ) |

CIVIL ACTION NO:

2019CH07517

## CLASS ACTION COMPLAINT

Plaintiffs Robert Fischer and Stephanie Lukis bring this class action on their own behalf and also on behalf of all others similarly situated ("class members"). Class members had (and continue to have) their identities used by the Defendant in its advertisements without class members' written consent, in violation of Illinois law.

### THE PARTIES

1.  Plaintiff Robert Fischer is a resident of Cook County, Illinois.

2.  Plaintiff Stephanie Lukis is a resident of Cook County, Illinois.

3.  Defendant Instant Checkmate LLC ("Instant Checkmate" or "Defendant") owns and operates the website www.instantcheckmate.com. Defendant is a California-based, for-profit corporation organized under the laws of the State of Delaware.

### JURISDICTION AND VENUE

4.  This Court has jurisdiction over this action because Defendant conducts business transactions in Illinois and committed the tortious acts herein sued upon in Illinois.

1

FILED DATE: 6/21/2019 2:44 PM 2019CH07517

5. Venue is proper in Cook County because Plaintiffs reside in Cook County and Defendant conducts business transactions in Cook County.

## COMMON FACTUAL ALLEGATIONS

6. Defendant owns and operates a website that sells "background reports" on people to the general public.

7. Defendant sells its reports on its website: www.instantcheckmate.com.

8. Upon accessing Instant Checkmate's website, the public-at-large is free to enter the first and last name of a particular individual via a search bar on the homepage.

9. After entering this information, any public user of Instant Checkmate's website is provided with a listing of search results. Each search result corresponds to an actual person that Instant Checkmate has located who matches the name provided by the public user.

10. These search results provide a limited, free preview of Defendant's "background reports." As shown in the images below, this free preview includes the searched individual's name (including middle initials), age, current city and state of residence, the searched individual's relatives, and other identifying information:

2

FILED DATE: 6/21/2019 2:44 PM 2019CH07517



| NAME | AGE | LOCATION | POSSIBLE RELATIVES | VERIFIED RESULT | FULL REPORT |
|---|---|---|---|---|---|
| **Stephanie J. Lukis** aka: Stephanie J. Lukis, Stephanie J. Flanigan | 38 | Chesapeake, VA; Woodlawn, TN; Panama City Beach, FL; Clarksville, TN; Virginia Beach, VA; Russellville, KY; Fallon, NV; Cunningham, TN; Las Vegas, NV | Franklin Lukis; Franko Lukis | | OPEN REPORT |
| **Stephanie M. Lukis** aka: Stephanie M. Lukis, Stephanie Klatt, Stephanie M. Klatte, Stephanie M. Malmgren, Steph Malmgren, Stephani Klatte | 42 | Chicago, IL; Homewood, IL; Herndon, VA; Lorton, VA; Fairfax, VA; Stafford, VA; Sterling, VA; Reston, VA; Alexandria, VA; Ashburn, VA; Spring, TX; Houston, TX; Alexandria, MN | Deborah Egan; Arlene Garcia; Brian Klatte; Susan Klatte; Susan Klattle; Dawn Lukis; Joseph Lukis; Paul Lukis | | OPEN REPORT |
| **Sheyzee S. Mcnutt** aka: Sheyzee S. Mcnutt, Sheyzee M. Nutt, Sheyzee Mcnutt Lukis, Sheyzee Lukis | | Aston, PA; Glen Mills, PA; Hialeah, FL; Aston Township, PA | Shanida Lukis | | OPEN REPORT |

3

11. As shown in the above, Instant Checkmate's free preview provides enough information to identify an individual.

12. The purpose behind Instant Checkmate's free preview is singular: to entice users to purchase Defendant's services. These services include "background reports" and "histories" relating to individuals on its database.

13. Instant Checkmate uses these free previews to advertise its monthly subscription services whereby a user can access and retrieve "background reports" and "histories" on any individual in its database.

14. In order for a user to view a person's "background report" or other background "histories" generated by the Defendant, a user needs to purchase Defendant's services. Clicking on "view report" or "open report" in the above image, leads users to a pay screen which presents them with an option to pay for Instant Checkmate's monthly subscription services.

15. Instant Checkmate's most popular monthly subscription costs $34.78 per month to access and search anyone on its database.

16. Instant Checkmate's monthly subscription allows users to obtain background reports using its services on an unlimited number of individuals per month.

17. Instant Checkmate compiles and generates the content it sells on its website. According to Defendant: "Instant Checkmate continually searches for new data and adds it to [its] reports the minute it becomes available."

18. Neither Plaintiffs nor class members provided Defendant with written consent to use their identities in Defendant's advertisements. As detailed above, Instant Checkmate uses class members' identities to advertise its for-profit services. Thus, Defendant violates the Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1, *et seq*.

4

19. It would be extremely easy for Instant Checkmate to maintain their business model while still complying with state law. For example, Instant Checkmate could merely display the names of the searched individuals—without more identifying information—in their advertisements for their services.

20. Instant Checkmate purposefully subjects itself to jurisdiction in this Court by knowingly searching and obtaining private and public records and/or identifying information on Illinois residents. Indeed, this lawsuit revolves around Instant Checkmate business practice of acquiring identifying information about Illinois residents with the specific intent of selling that information to its customers.

21. Additionally, Instant Checkmate directly sells its services to consumers in Illinois.

### ROBERT FISCHER'S EXPERIENCE

22. Plaintiff Robert Fischer discovered that Instant Checkmate uses his name, age, city of domicile, and the identity of his relatives in advertisements on the Instant Checkmate website to advertise and/or actually sell Defendant's products and services. These advertisements were the same or substantially similar to those shown in Paragraph 9.

23. Plaintiff Fischer believes that it is reasonable for others to identify him because Defendant's advertisements include accurate details about him.

24. Indeed, Plaintiff Fischer can confirm that the individual Defendant identified in paragraph 9 is in fact himself.

25. Plaintiff Fischer never provided Instant Checkmate with written consent to use any attribute of his identity in any advertisement or for any commercial purposes.

26. Plaintiff Fischer is not and has never been an Instant Checkmate customer. He has no relationship with Instant Checkmate whatsoever.

27. Plaintiff Fischer's discovery of Instant Checkmate's unauthorized use of his identity has caused him emotional distress.

28. Plaintiff Fischer has not been compensated by Instant Checkmate in any way for its use of his identity.

29. Plaintiff Fischer does not want Instant Checkmate to use his identity for any commercial advertising purpose.

## STEPHANIE LUKIS' EXPERIENCE

30. Plaintiff Stephanie Lukis discovered that Instant Checkmate uses her name, age, city of domicile, and the identity of his relatives in advertisements on the Instant Checkmate website to advertise and/or actually sell Defendant's products and services. These advertisements were the same or substantially similar to those shown in Paragraph 9.

31. Plaintiff Lukis believes that it is reasonable for others to identify her because Defendant's advertisements include accurate details about her.

32. Indeed, Plaintiff Lukis can confirm that an individual Defendant identified in paragraph 9 is in fact herself.

33. Plaintiff Lukis never provided Instant Checkmate with written consent to use any attribute of her identity in any advertisement or for any commercial purposes.

34. Plaintiff Lukis is not and has never been an Instant Checkmate customer. She has no relationship with Instant Checkmate whatsoever.

35. Plaintiff Lukis' discovery of Instant Checkmate's unauthorized use of her identity has caused her emotional distress.

36. Plaintiff Lukis has not been compensated by Instant Checkmate in any way for its use of her identity.

37. Plaintiff Lukis does not want Instant Checkmate to use her identity for any commercial advertising purpose.

## CLASS ACTION ALLEGATIONS

38. Plaintiffs Fischer and Lukis bring this action on behalf of themselves and a class defined "all Illinois residents who have appeared in an advertisement preview for an Instant Checkmate report."

39. Excluded from the class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

40. The persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

41. There are common questions of law and fact common to the claims of Plaintiffs and the putative class, and those questions predominate over any questions that may affect individual members of the class. Common questions for the class include, but are not necessarily limited to the following:

    a. Whether Instant Checkmate's uses class members' names and identities in advertisements for its own commercial benefit;

    b. Whether the conduct described herein constitutes a violation of the Illinois Right of Publicity Act 765 ILCS 1075/1, *et seq.*; and

7

c. Whether Plaintiffs and the class are entitled to injunctive relief.

42. The claims of the named Plaintiffs are typical of those of the class. Plaintiffs will fairly and adequately represent and protect the interests of the class and has retained counsel competent and experienced in complex class actions. Plaintiffs have no interest antagonistic to those of the class, and Defendant has no defenses unique to the Plaintiffs.

43. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Judicial economy will be served by maintaining this lawsuit as a class action because it avoids the burden which would otherwise be placed upon the judicial system by the filing of numerous similar suits. A class action is also superior because the damages suffered by individual class members are relatively small and because the burden upon such individual litigants may make it difficult and impractical for them to pursue their claims against Defendant.

44. There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court.

45. References to Plaintiffs shall be deemed to include the named Plaintiffs and each member of the class, unless otherwise indicated.

## FIRST CAUSE OF ACTION

**Violation of the Illinois Right of Publicity Act 765 ILCS 1075/1, *et seq.*
(On behalf of Plaintiffs and the class)**
(Damages)

46. Plaintiffs incorporate by reference the foregoing allegations as if set forth fully herein.

47. The Illinois Right of Publicity Act prohibits using a person's name, photograph, image, or likeness for the purpose of advertising or promoting products, merchandise, goods, or services without written consent. *See* 765 ILCS 1075/1, *et seq.*

48. Based upon Instant Checkmate's violation of the Illinois Right of Publicity Act, Plaintiffs and class members are entitled to (1) an injunction requiring Instant Checkmate's to cease using Plaintiffs' and members of the class' names and any attributes of their identities to advertise its products and services, (2) the greater of any award of actual damages (including profits derived from the unauthorized use of Plaintiffs' and class members' names and identities) or statutory damages of $1,000 per violation to the members of the class, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees under 765 ILCS 1075/40-55.

## SECOND CAUSE OF ACTION

**Violation of the Illinois Right of Publicity Act 765 ILCS 1075/1, *et seq.***
**(On behalf of Plaintiffs and the class)**
(Injunctive Relief)

49. Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

50. The Illinois Right of Publicity Act provides for injunctive relief. 765 ILCS § 1075/50.

51. Plaintiffs and class members are entitled to and seek an order enjoining further violations of the Illinois Right of Publicity Act by Defendant.

52. Injunctive relief is necessary to afford Plaintiffs and class members the safety and peace of mind envisioned by the passage of the Illinois Right of Publicity Act.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs respectfully request that the Court enter an Order:

1. Certifying the class as defined above, appointing Robert Fischer and Stephanie Lukis as class representatives, and appointing their counsel as class counsel;

2. Declaring that Instant Checkmate's actions described herein constitute a violation of the Illinois Right of Publicity Act;

3. Awarding injunctive and other equitable relief as necessary to protect the interest of the class, including, *inter alia*, prohibiting Instant Checkmate from engaging in the wrongful and unlawful acts described herein;

4. Awarding the greater of actual damages, including the profits derived from the unauthorized use of same, or statutory damages in the amount of $1,000 per violation of the members of the class;

5. Awarding punitive damages where applicable;

6. Awarding Plaintiffs and the class their reasonable litigation expenses and attorney's fees;

7. Awarding Plaintiffs and the class pre- and post-judgment interest; and

8. Granting such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.

*Respectfully Submitted,*

*/s/ Roberto Costales*

Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com

*Attorneys for Plaintiffs*