IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE LUKIS and ROBERT FISCHER, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 1:19-cv-04892 |
| | ) |
| INSTANT CHECKMATE, LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT INSTANT CHECKMATE'S**
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................................. 1

BACKGROUND ............................................................................................................................... 1

ARGUMENT .................................................................................................................................... 3

    I.       IRPA's Statutory Framework ............................................................................... 3

    II.      Instant Checkmate's Publication And Sale Of Information About People Is Protected By Exemption 1 .................................................................................. 4

    III.     Instant Checkmate's Publication And Sale Of Information About People Is Protected By Exemption 2 .................................................................................. 5

    IV.     Instant Checkmate's Publication Of Information About People In Its Advertising Is Protected By Exemption 4 .......................................................... 6

CONCLUSION ................................................................................................................................ 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*188 LLC v. Trinity Indus., Inc.*,
   300 F.3d 730 (7th Cir. 2002) ...................................................................................................5

*Almeida v. Amazon*,
   456 F.3d 1316 (11th Cir. 2006) ...............................................................................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................................3

*Bartnicki v. Vopper*,
   532 U.S. 514 (2001)..................................................................................................................6

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................................................3

*Best v. Berard*,
   776 F. Supp. 2d 752 (N.D. Ill. 2011) .......................................................................................3

*Collier v. Murphy*,
   2003 WL 1606637 (N.D. Ill. Mar. 26, 2003)...........................................................................4

*Dex Media West, Inc. v. City of Seattle*,
   696 F.3d 952 (9th Cir. 2012) ....................................................................................................5

*Dobrowolski v. Intelius, Inc.*,
   No. 17-cv-1406, 2017 WL 3720170 (N.D. Ill. Aug. 29, 2017) ........................................2, 3, 8

*Dobrowolski v. Intelius, Inc.*,
   No. 17-cv-1406 (N.D. Ill. May 21, 2018)..............................................................................3, 7

*EEOC v. Concentra Health Servs., Inc.*,
   496 F.3d 773 (7th Cir. 2007) ....................................................................................................3

*Nieman v. Versuslaw, Inc.*,
   2012 WL 3201931 (C.D. Ill. Aug. 3, 2012), *aff'd*, 512 F. App'x 635 (7th Cir.
   2013) .....................................................................................................................................5, 6

*Reno v. ACLU*,
   521 U.S. 844 (1997)..................................................................................................................5

*Thompson v. Getty Images, Inc.*,
   No. 13 C 1063, 2013 WL 3321612 (N.D. Ill. July 1, 2013) ....................................................7

*Vrdolyak v. Avvo, Inc.*,
    206 F. Supp. 3d 1384 (N.D. Ill. 2016) ................................................................................. 3, 5

**Statutes**

5 ILCS 140/1 ..................................................................................................................................5

Illinios Right of Publicity Act ("IRPA"), 765 ILCS 1075/1, *et seq.* ..................................... passim

    765 ILCS 1075/5 ...................................................................................................................8

    765 ILCS 1075/30 .................................................................................................................3

    765 ILCS 1075/35(b)(1) .......................................................................................................4

    765 ILCS 1075/35(b)(3) .......................................................................................................5

    765 ILCS 1075/35(b)(4) .......................................................................................................7

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................... 1, 3, 9

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant Instant Checkmate, LLC ("Instant Checkmate") hereby moves to dismiss the Plaintiffs' Complaint in this action for failure to state a claim upon which relief can be granted.

## INTRODUCTION

Plaintiffs' Complaint rests on a flawed and previously-rejected interpretation of the Illinois Right of Publicity Act, 765 ILCS 1075/1, *et seq.* ("IRPA"). Plaintiffs allege that Instant Checkmate's display of individual's names, ages, residence, and relatives on its website – *information contained in the very reports that Instant Checkmate sells on its website* – violates IRPA. Judge Shah has previously considered the identical allegations, examined IRPA's plain language and well-established case law, and properly determined that plaintiffs did not and could not state a claim for relief. Simply put, because IRPA's statutory exemptions allow Instant Checkmate to publish and sell reports containing information about people, IRPA's statutory exemptions allow Instant Checkmate to use this information in its advertising. Based on the IRPA authority set forth below and Judge Shah's correct decision in a practically identical case, Plaintiffs' Complaint should be dismissed with prejudice.

## BACKGROUND

Instant Checkmate owns and operates a website, www.instantcheckmate.com, that sells "background reports" on people to the general public. Complaint, ¶¶ 6-7. At the home page of Instant Checkmate's website, a computer user can enter a first and last name and then conduct a free search for persons who share that name. *Id.* at ¶ 8. Instant Checkmate then displays a list of search results which provides a "limited, free preview of [Instant Checkmate's] 'background reports'" for persons who share that name. *Id.* at ¶ 9. For each of several persons identified in the list of search results, Instant Checkmate provides an "individual's name (including middle initials), age, current city and state of residence, the searched individual's relatives, and other

identifying information." *Id.* at ¶ 10. "Instant Checkmate uses these free previews to advertise its monthly subscription services whereby a user can access and retrieve 'background reports' and 'histories' on any individual in its database." Complaint, ¶ 13.

Plaintiffs allege that, following a search at the home page of Instant Checkmate's website for persons who share their name, Instant Checkmate's list of search results displayed their names, the names of others who share their name, and other identifying information. *Id.* at ¶¶ 22, 30, 46-52. For their class action allegations, Plaintiffs define the putative class as "all Illinois residents who have appeared in an advertisement preview for an Instant Checkmate report." *Id.* at ¶ 38. Plaintiffs allege that Instant Checkmate violated IRPA because IRPA "prohibits using a person's name, photograph, image, or likeness for the purposes of advertising or promoting products, merchandise, goods, or services without written consent." *Id.* at ¶ 47.

Plaintiffs' Complaint is a repeat of four earlier cases by plaintiffs seeking to represent the same class and bring the same IRPA claim against web-based businesses who advertise and sell people finder and public records information. These cases were *Dobrowolski v. Intelius, Inc.*, No. 17-cv-1406 (N.D. Ill. filed Feb. 23, 2017); *Dobrowolski v. Instant Checkmate, Inc.*, No. 17-cv-1446 (N.D. Ill. filed Feb. 24, 2017); *Vinci v. BeenVerified, Inc.*, No. 17-cv-1447 (N.D. Ill. filed Feb. 24, 2017); and *Vinci v. Spokeo, Inc.* No. 17-cv-1519 (N.D. Ill. filed Feb. 27, 2017). There, as here, plaintiffs alleged that Instant Checkmate and similar web-based businesses violated IRPA by using names and other identifying information about people in advertisements to sell information about people. After consolidation of the four cases and reassignment to him, Judge Shah examined IRPA's statutory exemptions, dismissed the original complaints with leave to amend, and thereafter dismissed the amended complaints with prejudice. *See Dobrowolski v. Intelius, Inc.*, No. 17-cv-1406, 2017 WL 3720170, at *9 (N.D. Ill. Aug. 29, 2017) ("*Dobrowolski*

*I*") (*see* Exhibit 1, attached); *Dobrowolski v. Intelius, Inc.*, No. 17-cv-1406, Dkt. 46 at 5 (N.D. Ill. May 21, 2018) ("*Dobrowolski II*") (*see* Exhibit 2, attached).[1]

## ARGUMENT

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must plausibly suggest that the plaintiff has a more-than-speculative right to relief. *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). A plaintiff's conclusory allegations are "not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). While a plaintiff need not plead detailed facts, a "formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Applying Rule 12(b)(6), courts routinely dismiss IRPA claims where a statutory exemption or the First Amendment bars the claim. *See, e.g.*, *Dobrowolski v. Intelius, Inc.*, No. 17 CV 1406, 2017 WL 3720170, at *7 (N.D. Ill. Aug. 29, 2017); *Vrdolyak v. Avvo, Inc.*, 206 F. Supp. 3d 1384, 1389 (N.D. Ill. 2016); *Best v. Berard*, 776 F. Supp. 2d 752, 759 (N.D. Ill. 2011).

### I.     IRPA's Statutory Framework

Subject to several statutory exemptions, IRPA prohibits "use [of] an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent." 765 ILCS 1075/30. IRPA defines "commercial purpose" as "the public use or holding out of an individual's identity (i) on or in connection with the offering for sale or sale of a product, merchandise, goods, or services; [or] (ii) for purposes of advertising or promoting

---

[1] In *Dobrowolski I*, Judge Shah rejected the plaintiffs' contention that paid key word advertising that displayed plaintiffs' names violated IRPA. Because no amended complaint was filed against Instant Checkmate, Judge Shah then entered final judgment in its favor. *See Dobrowolski v. Instant Checkmate, Inc.*, No. 17-cv-1446, Dkt. 30 (N.D. Ill. Sept. 15, 2017). The plaintiffs did file amended complaints against the other defendants, this time alleging that the display of plaintiffs' names, ages, and residents on the "marketing pages" of defendants' websites constituted advertising that violated IRPA. As explained below, Judge Shah disagreed.

products, merchandise, goods, or services." *Id.* 1075/5. By its plain language, however, IRPA does not apply to use of an individual's identity:

- in "portray[ing] [or] describ[ing]" an individual in a "book, article, . . . or other . . . visual . . . work," 765 ILCS 1075/35(b)(1) ("Exemption 1");

- for "non-commercial purposes, including any news [or] public affairs," *id.* § 35(b)(2) ("Exemption 2"); or

- for any "promotional materials, advertisements, or commercial announcements for a use described" in the preceding exemptions, *id.* § 35(b)(4) ("Exemption 4").

These IRPA exemptions were intended to "avoid[] . . . serious First Amendment problems." *Collier v. Murphy*, 2003 WL 1606637, at *3 (N.D. Ill. Mar. 26, 2003); HB 1422, Tr. of House Debate, 90th Ill. Gen. Assem. (April 24, 1997) at 226 (statement of Rep. Turner) (IRPA's exemptions "protect the First Amendment interest of individuals, such as artists and reporters"). Here, because Instant Checkmate's use of a person's identity in "background reports" is protected from IRPA liability under Exemptions 1 and 2, Plaintiffs' Complaint about Instant Checkmate's use of a person's identity in "limited, free preview of [Instant Checkmate's] 'background reports'" is foreclosed by Exemption 4.

## II. Instant Checkmate's Publication And Sale Of Information About People Is Protected By Exemption 1

Exemption 1 confirms that use of a person's identity in a book, article, or other visual work does not violate IRPA. 765 ILCS 1075/35(b)(1). Like the phonebook or Who's Who, Instant Checkmate's "background reports" product contains public record information about people. Instant Checkmate's subscribers "can access and retrieve 'background reports' and 'histories' on any individual in its database" to obtain, "where available, a person's date of birth, phone numbers, address history, related persons, arrest records, government license information, social media profiles including email addresses, and nearby sex offenders" compiled from "'millions of public records including information provided by state and local governments.'"

-4-

Complaint ¶ 13; *FAQ's*, Instant Checkmate, https://www.instantcheckmate.com/faqs/ (*see* Exhibit 2, attached).[2]

It is well-settled that reports like Instant Checkmate's are "non-commercial speech" entitled to full First Amendment protection. *See Nieman v. Versuslaw, Inc.*, 2012 WL 3201931 at *4, 8 (C.D. Ill. Aug. 3, 2012), *aff'd*, 512 F. App'x 635 (7th Cir. 2013) (no IRPA liability in using person's identity in database identifying documents from plaintiff's court case); *Dex Media West, Inc. v. City of Seattle*, 696 F.3d 952, 962 (9th Cir. 2012) ("publications like yellow pages directories . . . receive full First Amendment protection [and] do not constitute commercial speech."); *Vrdolyak*, 206 F. Supp. 3d at 1388-89 (online directory was non-commercial speech fully protected by the First Amendment). It also makes no difference that Instant Checkmate is online, rather than in print. *Reno v. ACLU*, 521 U.S. 844, 853 (1997) (Internet is comparable to "a vast library including millions of readily available and indexed publications"); *Avvo*, 206 F. Supp. 3d at 1388 (online legal directory was "simply a computerized version of the paper 'yellow pages' listings that received full constitutional protection in *Dex Media West, Inc.*"). Because Instant Checkmate's "background reports" are effectively an online book or encyclopedia about people, Exemption 1 applies.

### III. Instant Checkmate's Publication And Sale Of Information About People Is Protected By Exemption 2

Under Exemption 2, Instant Checkmate's "background reports" are also protected from IRPA liability because use of a person's identity in public record information qualifies as a "non-commercial purpose" as it concerns "public affairs." 765 ILCS 1075/35(b)(3); *see also* 5 ILCS

---

[2]     This Court can consider Instant Checkmate's website content because Plaintiffs reference and rely upon Instant Checkmate's website content in their Complaint. *See 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002).

140/1 ("access by all persons to public records promotes the transparency and accountability of public bodies"); *Bartnicki v. Vopper*, 532 U.S. 514, 534 (2001) ("Privacy concerns give way when balanced against the interest in publishing matters of public importance."). This is confirmed by *Nieman*, 2012 WL 3201931 at *4, which held that online legal record databases did not violate IRPA by using plaintiff's identity to publish and sell public record information about him. Dismissing his complaint under Exemption 2, the court explained: "Plaintiff's prior litigation is a matter of public record and public interest. Moreover, Plaintiff's identity is not being used for a 'commercial purpose' as defined by the [IRPA] because his name is used only to find documents related to his case, which are part of the public record." *Id.* Like the online legal record databases in *Nieman*, Exemption 2 protects Instant Checkmate's use of someone's identity in public record information.

### IV. Instant Checkmate's Publication Of Information About People In Its Advertising Is Protected By Exemption 4

To be clear, Plaintiffs do not allege that use of their identities in Instant Checkmate's "background reports" product violates IRPA. Nor could Plaintiffs ever establish this because Instant Checkmate's "background reports" are exempt from IRPA under Exemptions 1 and 2. Plaintiffs' liability theory is instead that Instant Checkmate's alleged use of their identities in "limited, free preview of [Instant Checkmate's] 'background reports,'" *i.e.*, in alleged advertising, violates IRPA. Complaint,¶ 9; *see also id.* at ¶ 13 ("Instant Checkmate uses these free previews to advertise its monthly subscription services whereby a user can access and retrieve 'background reports' and 'histories' on any individual in its database."). Plaintiffs' liability theory, however, is barred by Exemption 4.

Again, Exemption 4 permits use of a person's identity in any "promotional materials, advertisements, or commercial announcements for a use described" in Exemption 1 and 2. *See*

765 ILCS 1075/35(b)(4). Taken together, Exemption 1 and Exemption 2 confirm that use of a person's identity in "background reports" does not violate IRPA, while Exemption 4 confirms that use of a person's identity in connection with advertising those same "background reports" does not violate IRPA. Here, by alleging that Instant Checkmate used Plaintiffs' identities in its "limited, free preview of 'background reports'" and that Instant Checkmate "uses these free previews to advertise its monthly subscription services whereby a user can access and retrieve 'background reports,'" Plaintiffs have confirmed that the "limited, free preview" *is* advertising for Instant Checkmate's "background reports" product and thus that Exemption 4 bars Plaintiffs' IRPA claim.

This conclusion is not novel, but rather the same conclusion Judge Shah reached in dismissing the amended complaints in *Dobrowolski II*. *See Dobrowolski v. Intelius, Inc.*, No. 17-cv-1406, Dkt. 46 at 5 (N.D. Ill. May 21, 2018). After failing to state an IRPA claim based on paid key word advertising that used plaintiffs' names, plaintiffs filed amended complaints, this time alleging that the web-based businesses violated IRPA by displaying plaintiffs' names, ages, place of residence, employment history, and other identifying information on the website "marketing pages" as a free preview of the background reports. Relying on IRPA's exemptions, Judge Shah held that plaintiffs could not state an IRPA claim.

> Though plaintiffs are identified by the additional personal details on the marketing page, their identities are not being used for commercial purposes. The marketing page lists defendants' reports that are available for purchase, and for each listing there is a preview of the information in the underlying report. The plaintiffs' identities are not used to promote a separate product—they are used because plaintiffs' identities are part of the product offered for sale. And this is not a commercial purpose as defined by the statute. *See Thompson v. Getty Images, Inc.*, No. 13 C 1063, 2013 WL 3321612 (N.D. Ill. July 1, 2013) ("The Court is unpersuaded that showing a buyer a photograph of a person that she is considering whether to buy qualifies as a 'commercial purpose' as the IRPA uses that term."); *see also Almeida v. Amazon*, 456 F.3d 1316, 1326 (11th Cir. 2006) (holding that Amazon's display of a book cover depicting plaintiff was not use for a commercial

>  purpose under Florida's commercial misappropriation statute). The marketing page—plaintiffs' name for it notwithstanding—does not use plaintiffs' identities for a commercial purpose, so there is no IRPA violation.

*Id.*[3] In the instant case, Plaintiffs have advanced the same factual allegations and liability theory, overlooking that "[t]he plaintiffs' identities are not used to promote a separate product—they are used because plaintiffs' identities are part of the product offered for sale" and thus overlooking Exemption 4. Importantly, this is not a case where someone's identity was used to advertise toothpaste, a weight loss pill, or a restaurant. Rather, Plaintiffs allege that information about them was used to preview and advertise a product that includes information about them. This does not state an IRPA claim, and Judge Shah's analysis applies with equal force here.

By way of example, Donald Trump, Kim Kardashian, or some lesser known persons (*e.g.*, Plaintiffs) may not like an unauthorized biography or news article about them. But someone does not violate IRPA by using their identities in a book or news article about them or by using their identities in connection with advertising the fact that the book or news article has information about them. Nor does Instant Checkmate violate IRPA by allegedly using Plaintiffs'

---

[3]     Judge Shah additionally found that plaintiffs could not state an IRPA claim because "multiple people with the same name are listed on the marketing page" which "makes it no more or less likely that the ads identify plaintiffs, as opposed to another individual with the same name." *Id.* This was consistent with *Dobrowolski I* where Judge Shah applied 765 ILCS 1075/5 to hold that plaintiffs had not alleged facts to support that an "ordinary, reasonable viewer" would believe that advertising identified plaintiff as opposed to others with the same name. *See Dobrowolski*, 2017 WL 3720170, at *6-7. Plaintiffs' Complaint has the same problem and may be dismissed for this additional reason. While Plaintiffs allege that they searched and saw their names on Instant Checkmate, they do not allege that anyone else did or that anyone else reasonably believed that any advertising identified Plaintiffs. *See* Complaint ¶¶ 22-23, 30-31. Worse, Plaintiffs' Complaint does not reveal what Instant Checkmate displayed that necessarily would identify them to an "ordinary, reasonable viewer." One screenshot identifies a "Robert Fischer" in "Manteno, Illinois" but Plaintiffs allege that Plaintiff Fischer instead resides in "Cook County, Illinois." *Compare* ¶ 1 and ¶ 10. Another screenshot identifies a "Stephanie J. Lukis," "Stephanie M. Lukis," and "Sheyzee S. Mcnutt," without explaining which (of any of them) would be understood by an "ordinary, reasonable viewer" to be Plaintiff Lukis. *Id.* ¶ 10.

identities in connection with advertising that its "background reports" have information about them. Plaintiffs' Complaint is foreclosed by IRPA's plain language and their own allegations.

## CONCLUSION

For the foregoing reasons, and the additional reasons stated in WhitePages, Inc.'s Rule 12(b)(6) motion to dismiss which Instant Checkmate adopts and incorporates herein, Instant Checkmate respectfully requests that this Court dismiss Plaintiffs' Complaint with prejudice and award Instant Checkmate its reasonable attorney's fees, costs, and expenses pursuant to 765 ILCS 1075/60.

Dated: August 21, 2019

Respectfully submitted,

DENTONS US LLP

/s/ Natalie J. Spears
*One of the attorneys for defendant*

Natalie J. Spears (6230320)
Aimee E. Graham (6307827)
Dentons US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
natalie.spears@dentons.com
aimee.graham@dentons.com

-and-

Damon W.D. Wright, *pro hac vice* to be filed
Venable LLP
600 Massachusetts Ave NW
Washington, DC 20001
Telephone: (202) 344-4937
dwdwright@venable.com

*Attorneys for Defendant Instant Checkmate, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August 2019 a copy of the foregoing was filed electronically via the ECF filing system.

*/s/* Natalie J. Spears

113046809