IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Fischer and Stephanie Lukis, individually and on behalf of all others similarly situated, | ) ) ) ) | CIVIL ACTION NO: 19-cv-4892 |
| *Plaintiffs,* | ) ) | JUDGE FEINERMAN |
| v. | ) ) | MAG. WEISMAN |
| Instant Checkmate LLC, | ) ) | |
| *Defendant.* | ) | |

_____

**PLAINTIFFS' MOTION TO COMPEL**
_____

Plaintiffs Stephanie Lukis and Robert Fischer ("Plaintiffs"), move this Court for an order compelling defendant Instant Checkmate LLC ("Defendant") to respond to Plaintiffs' Fed. R. Civ. P. 33 Interrogatories. In support of this motion Plaintiffs state as follows:

**Factual Background**

Plaintiffs allege violations of the Illinois Right of Publicity Act ("IRPA") on behalf of themselves and a class of Illinois residents. Compl., Dkt. 1-1, ¶¶ 18, 38. Plaintiffs allege that Defendant's website, instantcheckmate.com, unlawfully uses class members' identities for the commercial purpose of advertising Defendant's products and services. *Id.* at ¶ 12. Specifically, Plaintiffs allege that Defendant's website displays the names, ages, cities of domicile, and possible relatives of class members in hopes that users of Defendant's website will purchase its background reports services. *Id.* at ¶ 10.

On July 23, 2020 this Court entered an order setting a fact discovery deadline of February 1, 2021. On July 31, 2020 Plaintiffs propounded written discovery requests (attached as ***Exhibit 1***). On August 31, 2020 Defendant provided responses to those requests (attached as ***Exhibit 2***).

Finding Defendant's responses deficient, Plaintiffs' counsel conducted a Rule 37 conference on September 9, 2020. In the conference the Parties discussed their respective positions with regard to the sufficiency of Defendant's responses. The following disagreements remain.

## Argument

### A. Interrogatory Nos. 3 and 4

Defendant's pleadings to this Court indicate that the allegedly violative identity information on its website is compiled by "third parties." *See* Dkt. 47, Defendant's Answer, ¶ 17 ("The publicly available information contained within Instant Checkmate background reports is generated or provided by third parties."). Additionally, a variety of Defendant's defenses rely on the claim that the identity information contained on the website is "publicly available." *Id.*, Aff. Def. Nos. 5-8 (Defendant's website is protected by the First Amendment because information about Plaintiffs is "publicly available"); Aff. Def. No. 11 ("Instant Checkmate's compilation of publicly available information is akin to the use of Plaintiffs' identity in an informational and newsworthy book[.]"); Aff. Def. No. 13 ("Instant Checkmate's alleged promotional materials or advertisements for its database of noncommercial, publicly available, protected information is exempt from liability under the IRPA.").

Thus, the source of the identity information found on Defendant's website and the methodology used to obtain that information are directly relevant to Defendant's multitude of defenses that claim that the data available on Defendant's website is "publicly available." Interrogatory Nos. 3 and 4 go directly to this issue, requesting that Defendant provide the identities of the third parties who provide the allegedly public data. Defendant objects as to relevance—but as argued above, this discovery is directly relevant. Defendant additionally claims that the requested discovery is unnecessary because the Parties supposedly agree on

certain facts at issue in Defendant's motion for summary judgment—however this claim is demonstrably false.[1]

In sum the Court should compel Defendant to provide supplemental responses to Interrogatory Nos. 3 and 4 identifying the third parties contemplated by the requests.

### B. Interrogatory 5

This interrogatory seeks to understand how Defendant's website determines who is someone's "possible relative." Plaintiffs' belief, informed by litigation in cases similar to this one, is that Defendant's website uses an algorithm to determine who is someone's "possible relative." Whether by algorithm or otherwise, the means by which Defendant's website determines possible relatives is highly relevant to Defendant's defenses, including but not limited to: (i) its defense that its website is no more than a "book" or "article," *see* Dkt. 47, Def.'s Aff. Def. No. 11, and (ii) its defense that the Communications Decency Act shields it from liability because it "did not create or generate" any information subject to Plaintiffs' claims. Def's. Aff. Def. No.

Defendant objects on the basis of relevance, but as shown above, the request is clearly relevant. The Could should compel a full and complete response.

### Rule 37.2 Certificate

Plaintiffs' counsel avers that it conducted a good faith discovery conference with counsel for Defendant on September 9, 2020, over the telephone and were unable to reach an accord. The

---

[1] Defendant's responses to both Interrogatories 3 and 4 claim that "[Defendant] and Plaintiffs agree that the information contained in a background report available for purchase for each Plaintiff includes information found in government records," citing to its Statement of Material Fact at Dkt. 40 ¶ 5. Yet Plaintiff specifically disputed this statement of fact, *see* Dkt. 66 at ¶ 5, and even filed a motion requesting that the Court forego deciding part of Defendant's motion for summary judgment until Plaintiffs could conduct discovery on the issue of whether Defendant's background reports were indeed sourced from publicly available information. *See* Dkt. 64.

parties to the conference were Plaintiffs' counsel William Beaumont and Defense Counsel Damon Wright.

*Respectfully submitted*:

*/s/ Roberto Costales*
Roberto Costales (#33696)
William H. Beaumont (#33005)
BEAUMONT COSTALES LLC
107 W. Van Buren Suite 209
Chicago, Illinois 60605
Tel: (773) 831-8000
*rlc@beaumontcostales.com*

*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2020, I served a copy of this motion on counsel for Defendants via the Court's CM/ECF system.

*/s/ Roberto Costales*

4