IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Fischer and Stephanie Lukis, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs,* <br><br> v. <br><br> Instant Checkmate LLC, <br><br> *Defendant.* | ) ) ) ) ) ) Case No.: 2019-CH-07517 ) ) ) ) ) ) ) |

**DEFENDANT INSTANT CHECKMATE, LLC'S ANSWERS AND RESPONSES TO PLAINTIFF'S FIRST WRITTEN DISCOVERY**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant Instant Checkmate, LLC ("Instant Checkmate"), hereby respectfully objects, answers, and responds to Plaintiffs' First Written Discovery requests as follows:

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Instant Checkmate objects to Plaintiffs' instructions to these interrogatories and requests for production to the extent that they are inconsistent with Instant Checkmate's obligations under Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and applicable Local Rules.

2. Instant Checkmate objects to the definition of "Personal Identity Information" or "PII" as it is inconsistent with the applicable definition of "Identity" under 765 ILCS 1075/5 of the Illinois Right of Publicity Act. Instant Checkmate further objects that Plaintiffs' definition of "Personal Identity Information" or "PII" is overly broad, expansive, and likely to cause confusion of the issues as it refers to information that is not an "attribute of an individual that serves to identify that individual to an ordinary, reasonable viewer or listener." As such, the Plaintiffs'

1

definition of "Personal Identity Information" or "PII" is irrelevant under Rules 401 and 403 of the federal rules of evidence.

## ANSWERS TO INTERROGATORIES

1. **Identify all persons who provided the information used to answer the interrogatories and requests for production listed herein.**

**ANSWER:** Brian Mahon, Vice President of Product, Instant Checkmate, LLC

2. **Identify all persons, apart from your attorneys, who provided the information used to draft your Answer to Plaintiffs' Complaint.**

**ANSWER:** Brian Mahon, Vice President of Product, Instant Checkmate, LLC

3. **Identify every person that you contracted with during the Relevant Time Period to collect or obtain PII for use on your Website.**

**OBJECTION:** Instant Checkmate objects to this interrogatory on the grounds that it seeks information which is neither relevant to any claim or defense in this action nor proportional to the needs of the case, as required by Federal Rule of Civil Procedure 26(b)(1). More specifically, Instant Checkmate has acknowledged all material facts set forth in Plaintiffs' Complaint and the requested discovery has no connection or relevance whatsoever to any genuine issue of material fact that may be in dispute. Instant Checkmate and Plaintiffs agree that Plaintiffs' names and other identifying information appeared in response to a search on Instant Checkmate's website for persons who share Plaintiffs' names (*See* Compl. ¶ 9, ECF No. 1-1; Def.'s Stmt. of Undisputed Material Facts ¶¶ 3-4, ECF No. 40); Instant Checkmate and Plaintiffs agree that Instant Checkmate displayed Plaintiffs' names and other identifying information on Instant Checkmate's website in an effort to identify what information may be found in a background report available for purchase for each Plaintiff (*See* Compl. ¶ 12, ECF No. 1-1; Def.'s Stmt. of Undisputed Material Facts ¶ 6, ECF No. 40); and Instant Checkmate and Plaintiffs agree that the information contained in a

background report available for purchase for each Plaintiff includes information found in government records (*See* Compl. ¶ 20, ECF No. 1-1; Def.'s Stmt. of Undisputed Material Facts ¶ 5, ECF No. 40). Whether or not these agreed upon facts give rise to liability under the Illinois Right of Publicity Act does not require any additional discovery into any unrelated peripheral facts, but rather turns on application of the Illinois Right of Publicity Act's exemptions and First Amendment law to the agreed upon facts.

4.  **Identify which person(s) you contracted with to obtain Plaintiffs' mobile telephone number(s).**

**OBJECTION:** Instant Checkmate objects to this interrogatory on the grounds that it seeks information which is neither relevant to any claim or defense in this action nor proportional to the needs of the case, as required by Federal Rule of Civil Procedure 26(b)(1). More specifically, Instant Checkmate has acknowledged all material facts set forth in Plaintiffs' Complaint and the requested discovery has no connection or relevance whatsoever to any genuine issue of material fact that may be in dispute. Instant Checkmate and Plaintiffs agree that Plaintiffs' names and other identifying information appeared in response to a search on Instant Checkmate's website for persons who share Plaintiffs' names (*See* Compl. ¶ 9, ECF No. 1-1; Def.'s Stmt. of Undisputed Material Facts ¶¶ 3-4, ECF No. 40); Instant Checkmate and Plaintiffs agree that Instant Checkmate displayed Plaintiffs' names and other identifying information on Instant Checkmate's website in an effort to identify what information may be found in a background report available for purchase for each Plaintiff (*See* Compl. ¶ 12, ECF No. 1-1; Def.'s Stmt. of Undisputed Material Facts ¶ 6, ECF No. 40); and Instant Checkmate and Plaintiffs agree that the information contained in a background report available for purchase for each Plaintiff includes information found in government records (*See* Compl. ¶ 20, ECF No. 1-1; Def.'s Stmt. of Undisputed Material Facts ¶ 5, ECF No. 40). Whether or not these agreed upon facts give rise to liability under the Illinois

Right of Publicity Act does not require any additional discovery into any unrelated peripheral facts, but rather turns on application of the Illinois Right of Publicity Act's exemptions and First Amendment law to the agreed upon facts.

**5. Describe the process by which the Website determines someone's "possible relatives" as that term is shown in Paragraph 10 of the Complaint.**

**OBJECTION:** Instant Checkmate objects to this interrogatory on the grounds that it seeks information which is neither relevant to any claim or defense in this action nor proportional to the needs of the case, as required by Federal Rule of Civil Procedure 26(b)(1). More specifically, Instant Checkmate has acknowledged all material facts set forth in Plaintiffs' Complaint and the requested discovery has no connection or relevance whatsoever to any genuine issue of material fact that may be in dispute. Instant Checkmate and Plaintiffs agree that Plaintiffs' names and other identifying information appeared in response to a search on Instant Checkmate's website for persons who share Plaintiffs' names (*See* Compl. ¶ 9, ECF No. 1-1; Def.'s Stmt. of Undisputed Material Facts ¶¶ 3-4, ECF No. 40); Instant Checkmate and Plaintiffs agree that Instant Checkmate displayed Plaintiffs' names and other identifying information on Instant Checkmate's website in an effort to identify what information may be found in a background report available for purchase for each Plaintiff (*See* Compl. ¶ 12, ECF No. 1-1; Def.'s Stmt. of Undisputed Material Facts ¶ 6, ECF No. 40); and Instant Checkmate and Plaintiffs agree that the information contained in a background report available for purchase for each Plaintiff includes information found in government records (*See* Compl. ¶ 20, ECF No. 1-1; Def.'s Stmt. of Undisputed Material Facts ¶ 5, ECF No. 40). Whether or not these agreed upon facts give rise to liability under the Illinois Right of Publicity Act does not require any additional discovery into any unrelated peripheral facts, but rather turns on application of the Illinois Right of Publicity Act's exemptions and First Amendment law to the agreed upon facts.

4

6. **Apart from the Terms of Use that govern the use of your website, do you maintain that you received any consent from any Illinois resident to advertise the availability of their background report on your website? If yes, identify all such forms of consent.**

**OBJECTION:** Instant Checkmate objects to this interrogatory to the extent that it presumes that Instant Checkmate is under any legal obligation to obtain an Illinois resident's consent to compile factual information about a person or to advertise the sale of its background reports.

**ANSWER:** Subject to and without waiving the foregoing objections, No.

7. **Describe what PII is available for free to users of your Website and what additional PII is available for pay.**

**OBJECTION:** Instant Checkmate objects to this interrogatory to the extent that the definition of "Personal Identity Information" or "PII" is inconsistent with the Illinois Right of Publicity Act's definition of "Identity." Instant Checkmate further objects to this request on the grounds that it seeks information that is neither relevant to any claim or defense in this action nor proportional to the needs of the case, as required by Federal Rule of Civil Procedure 26(b)(1). More specifically, whether a user is required to pay to access a background report has no bearing on Instant Checkmate's liability under the Illinois Right of Publicity Act.

**ANSWER:** Subject to and without waiving the foregoing objections, the information contained in Instant Checkmate's "preview" is provided at no charge. Upon visiting Instant Checkmate's website, the user enters a person's first and last name, a city, and a state. Instant Checkmate then asks the user various questions concerning the search subject so that it can advise the user whether it has a background report for that search subject. These queries include the person's gender, whether, to the user's knowledge, the search subject ever lived in various locations, and whether, to the user's knowledge, the search subject is related to certain individuals.

Based on the user's responses, Instant Checkmate will provide an initial result set, or "preview," of background reports matching the search criteria. Where available, the initial result set includes a person's name, age, location, and possible relatives. Instant Checkmate provides the initial result set for free so that users can determine whether Instant Checkmate has a report, or an online biography, that may be of interest to the user, thereby encouraging the user to purchase Instant Checkmate's reports.

Instant Checkmate's background reports provide additional biographical information and are available for purchase. Standard background reports may include, where available, a person's date of birth, phone numbers, address history, related persons, arrest records, government license information, social media profiles including email addresses, and nearby sex offenders. Premium reports may include, where available, civil judgments, tax liens, corporate affiliations, business associates, UCC filings, personal and real property information (e.g., boats and aircraft), professional licenses, recreational licenses (e.g., firearm, hunting, and fishing permits), voter registration, phone numbers, and email addresses.

**8. Describe the service available on your website known as "Report Watcher" and include in your description who the service is available to and at what cost.**

**OBJECTION:** Instant Checkmate objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense in this action. Similarly, considering the importance of the issues at stake, the requested information is not proportional to the needs of the case, as required by Federal Rule of Civil Procedure 26(b)(1).

**ANSWER:** Subject to and without waiving the foregoing objections, Report Watcher notifies an Instant Checkmate subscriber if additional information is available in a previously-viewed report.

**9.** **Identify how many employees you have and describe how your business is organized by department.**

**OBJECTION:** Instant Checkmate objects to this interrogatory on the grounds that it seeks information which is neither relevant to any claim or defense in this action nor proportional to the needs of the case, as required by Federal Rule of Civil Procedure 26(b)(1). More specifically, the size of Instant Checkmate's workforce and corporate structure has no bearing on any factual issue in this case, much less whether Instant Checkmate is liable under Illinois Right of Publicity Act or its products are protected speech under the First Amendment. Instant Checkmate further objects to this interrogatory on the grounds that it seeks confidential, proprietary, and/or trade secret information.

**10.** **Explain and describe for what purpose PII is featured and used on your Website.**

**OBJECTION:** Instant Checkmate objects to this interrogatory to the extent that the definition of "Personal Identity Information" or "PII" is inconsistent with the Illinois Right of Publicity Act's definition of "Identity." Instant Checkmate further objects to this interrogatory on the ground that the phrase "purpose" is vague and undefined.

**ANSWER:** Subject to and without waiving the foregoing objections, biographical information is located in both the initial result set, or "preview," and the actual background reports. As explained in Instant Checkmate's answer to Interrogatory No. 7, the biographical information in the initial result set enables users to determine whether Instant Checkmate has a report that matches the criteria provided by the user. The user can then make an informed decision regarding whether to purchase Instant Checkmate's background reports. The initial result set acts in the same way as a dust jacket informs a reader that a book about Billy Beane (Executive Vice President of the Oakland Athletics and inspiration for Michael Lewis' "Money Ball") is not the same as a

7

book about Billy Bean (the first openly gay baseball player and current Special Assistant to the Commissioner of MLB). The compilation of biographical information located in the background reports is the product that users purchase.

**11. Identify your gross revenue for each calendar year from 2017 to the present.**

**OBJECTION:** Instant Checkmate objects to this interrogatory on the grounds that it seeks information which is neither relevant to any claim or defense in this action nor proportional to the needs of the case, as required by Federal Rule of Civil Procedure 26(b)(1). More specifically, Plaintiffs have yet to show, as a matter of law, that they are entitled to punitive damages. Until such time that the issue of punitive damages is properly before the court, Instant Checkmate will not provide any information concerning its financial condition. Instant Checkmate further objects to this interrogatory on the grounds that it seeks confidential, proprietary, and/or trade secret information.

**12. Explain and describe how you earned profits from operating your Website during the Relevant Time Period**.

**OBJECTION:** Instant Checkmate objects to this interrogatory on the grounds that it seeks information which is neither relevant to any claim or defense in this action nor proportional to the needs of the case, as required by Federal Rule of Civil Procedure 26(b)(1). Instant Checkmate's profits have no bearing on any factual issue in this case, much less whether Instant Checkmate violated Illinois' Right of Publicity Act or its products are protected speech under the First Amendment. Instant Checkmate further objects to this interrogatory on the grounds that it seeks confidential, proprietary, and/or trade secret information.

## VERIFICATION

I hereby declare under the penalty of perjury under the laws of the United States of America that the foregoing answers to interrogatories are true and correct to the best of my information, knowledge, and belief.

Date: August 31, 2020

_____
Brian Mahon,
Vice President of Product Instant Checkmate, LLC

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**1. All documents identified in any answer to Plaintiffs' interrogatories.**

**RESPONSE:** See www.instantcheckmate.com and the pleadings and moving papers in this case.

**2. All documents considered or relied on in answering Plaintiffs' interrogatories.**

**RESPONSE:** See www.instantcheckmate.com and the pleadings and moving papers in this case.

**3. Any expert or consulting reports prepared for you or on your behalf relating to any of the matters alleged in the Complaint.**

**OBJECTION:** To the extent this request seeks draft reports or communications between Instant Checkmate and any expert retained in connection with this matter, Instant Checkmate objects to the request on the grounds that it exceeds the scope of discovery permitted under Rules 26(b)(4)(B) and 26(b)(4)(C) of the Federal Rules of Civil Procedure, and counsel has not identified any applicable exception to those rules or a substantial need for that information. Instant Checkmate further objects to this request to the extent it seeks information protected by the attorney-client communication privilege, the attorney work product doctrine, and/or concerns information obtained in anticipation of litigation.

**RESPONSE:** Subject to and without waiving the foregoing objections, Instant Checkmate has not retained an expert in connection with this matter and is not withholding any documents on the basis of privilege. Instant Checkmate will supplement this response in accordance with the Court's scheduling order.

**4. All documents used, considered, or relied upon in your Answer to Plaintiffs' Complaint.**

**RESPONSE:** See www.instantcheckmate.com and the pleadings and moving papers in

this case.

5. **A copy of the Terms of Use that govern the use of your Website, including any previous versions of those Terms of Use that have existed during the Relevant Time Period.**

**RESPONSE:** Instant Checkmate's Terms of Use and Terms and Conditions of Sale ("Terms") are available at www.instantcheckmate.com/terms-of-use/. The Terms were last revised on July 31, 2020. The updated version of Instant Checkmate's Terms are not materially different from previous versions.

6. **A copy of the Limited License for Services applicable to your Website, including any previous versions of that Limited License for Services that has existed during the Relevant Time Period.**

**RESPONSE:** Instant Checkmate's Limited License is available at www.instantcheckmate.com/limited-license/. The Limited License was last revised on June 27, 2018. The current Limited License is not materially different from previous versions.

7. **A copy of the Privacy Policy applicable to your Website, including any previous versions of that Privacy Policy that has existed during the Relevant Time Period.**

**RESPONSE:** Instant Checkmate's Privacy Policy is available at www.instantcheckmate.com/privacy-policy/. The Privacy Policy was last revised on December 30, 2019. The current Privacy Policy is not materially different from previous versions.

8. **Privacy Policy that has existed during the Relevant Time Period.**

**OBJECTION:** Instant Checkmate objects to this request on the grounds that it is unnecessary and duplicative of request number seven above.

9. **A copy of any other terms or documents which you maintain govern the use of your website or the accessing of any products or services available therein.**

**RESPONSE:** All responsive documents and polices are located on Instant Checkmate's

11

website. See www.instantcheckmate.com.

10. **Copies of webpages from your Website sufficient to illustrate the background report search interface.**

**OBJECTION:** Instant Checkmate objects to this request on the grounds that the phrase "background report search interface" is vague and undefined. Instant Checkmate interprets this request to mean Instant Checkmate's landing page where the user enters information prior to initiating a search for the preliminary result set, or preview. Instant Checkmate further objects to this request on the grounds that the requested documents are equally or more readily available to Plaintiffs, as evidenced by the screenshots provided in Plaintiffs' Complaint.

**RESPONSE:** Subject to and without waiving the foregoing objections, see www.instantcheckmate.com.

11. **Copies of webpages from your Website sufficient to illustrate the background report search result interface.**

**OBJECTION:** Instant Checkmate objects to this request on the grounds that the phrase "background report search result interface" is vague and undefined. Instant Checkmate interprets this request to mean the preliminary result set, or preview, that is returned in response to a user's preliminary search query. Instant Checkmate further objects to this request on the grounds that the requested documents are equally or more readily available to Plaintiffs, as evidenced by the screenshots provided in Plaintiffs' Complaint.

**RESPONSE:** Subject to and without waiving the foregoing objections, see www.instantcheckmate.com.

12. **A copy of the background report of Plaintiff Stephanie Lukis.**

**OBJECTION:** Instant Checkmate objects to this request as unnecessary and duplicative.

**RESPONSE:** Subject to and without waiving the foregoing objection, Instant Checkmate

12

previously produced a copy of Plaintiff Stephanie Lukis' background report on June 17, 2020.

**13. A copy of the background report of Plaintiff Robert Fischer.**

**OBJECTION:** Instant Checkmate objects to this request as unnecessary and duplicative.

**RESPONSE:** Subject to and without waiving the foregoing objection, Instant Checkmate previously produced a copy of Plaintiff Robert Fischer's background report on May 13, 2020.

Dated: August 31, 2020           Respectfully submitted,

INSTANT CHECKMATE, LLC

Damon W.D. Wright
Avanti D. Bakane, # 6299022
Benjamin R. Kinney #6317720
Damon W.D. Wright (*pro hac vice*)
GORDON REES SCULLY MANSUKHANI, LLP
One North Franklin, Suite 800
Chicago, IL 60606
Ph: 312-619-4922
abakane@grsm.com
bkinney@grsm.com
dwright@grsm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 31st day of August, 2020 a copy of the foregoing was served via email on counsel of record:

      Roberto Costales
      BEAUMONT COSTALES LLC
      107 W. Van Buren #209
      Chicago, IL 60605
      Tel. (773) 831-8000
      Email: rlc@beaumontcostales.com
      *Counsel for Plaintiffs*

      Damon W.D. Wright
      Damon W.D. Wright, Esq.
      *Counsel for Instant Checkmate, LLC*