IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Fischer, Stephanie Lukis, Robert Harper, and Tiffany Adams, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Instant Checkmate LLC, <br><br> Defendants. | Case No. 1:19-cv-04892 <br><br> Hon. Judge Gary Feinerman <br><br> Magistrate Judge M. David Weisman |

**JOINT STATUS REPORT**

Pursuant to the Court's December 10, 2020 Order, Plaintiffs Robert Fischer, Stephanie Lukis, Robert Harper, and Tiffany Adams ("Plaintiffs") and Defendant Instant Checkmate LLC ("Instant Checkmate") (Plaintiffs and Defendants, collectively, "the Parties"), by and through their attorneys, respectfully submit the following Joint Status Report, addressing the specific topics identified in that Order:

**I.  The Discovery the Parties Have Completed**

Both Parties have issued written discovery requests and provided responses to the same. Since the Parties' last joint status report (filed December 8, 2020), Plaintiffs Fischer and Lukis served their second set of requests for production, requests for admission, and interrogatories, to which Instant Checkmate provided responses and produced documents on January 28, 2021. Instant Checkmate then produced additional documents on February 15 and February 16 after the Parties reached agreements during meet and confers. Plaintiffs Fischer and Lukis provided responses and produced documents on January 8, 2021 in response to Instant Checkmate's first set of requests for production, requests for

1

admission, and interrogatories. Plaintiffs then produced additional documents on January 18, January 24, and February 16 after the parties held meet and confers.

To date, Plaintiffs' counsel has taken depositions of three current or former employees of Instant Checkmate: Brian Mahon (Vice President of Products) on October 9, 2020; Ethan Kent (Senior Software Engineer) on January 13, 2021; and Eric Greene on January 29, 2021 (former Software Engineering Manager).

## II.     The Discovery that Remains to Be Taken

*Plaintiffs' Statement*

Plaintiffs have requested Defendant's 30(b)(6) deposition and have issued notice for same. The parties have not yet met and conferred on the notice. Plaintiffs have also requested the deposition of Defendant's employee, Shiem Edelbrock. Defendant made Mr. Edelbrock available on February 22, 2021, but Plaintiff had to postpone that date. Plaintiff is considering Defendant's request to combine Mr. Edelbrock's deposition and the 30(b)(6) deposition into one examination.

There is a small but brewing discovery dispute that will likely need to be resolved before the above depositions take place. As the Court is aware, this case revolves around what Plaintiffs have called the "free previews"—essentially short advertisements or "previews" of the background reports of particular individuals which are returned by Defendant's website when a person's name is searched. The free previews typically include a person's name, age range, possible relatives, aliases, and cities and states of residence. Plaintiffs are requesting that Defendant produce copies of these "free previews" for each Plaintiff. Defendant, based on Plaintiffs' understanding of its position, does not believe that copies of the free previews must be provided.

In the alternative, Plaintiff requests data from Defendant that it apparently stores about people in its own private cache of information. Plaintiff believes that this was one of the takeaways from testimony obtained in a January 29 deposition of Defendant's ex-employee Eric Green, who arguably

testified that Instant Checkmate populates the free previews, at least in part, with its own data. Defendant disputes this. At any rate, if Defendant in fact stores any information about Plaintiffs that is used to populate the free previews or background reports, Plaintiff requests that data.

The above two related discovery issues will likely be the subject of a motion to compel filed next week. Plaintiffs would prefer to have this discovery issue resolved prior to Defendant's 30(b)(6) deposition.

With regard to the discovery Plaintiffs owe Defendant, the parties have had multiple meet and confers regarding Plaintiffs' social media accounts. Despite the fact that Defendant has three more months than Plaintiffs to conduct discovery, *see* Dkt. 113, the parties have spent a good deal of time and resources on Defendant's discovery objectives. Currently, the parties disagree about the proper scope of Defendant's discovery requests. Plaintiffs do not believe they are required to provide Defendant with their private social media account information, except insofar as that private information might indicate visits by them to Defendant's website. Despite this position, Plaintiffs' did provide some of Plaintiff Lukis' private social media information—a disclosure that Plaintiffs now maintain was overbroad. Defendant seems to believe, among other things, that because Plaintiffs made the overbroad disclosure with respect to Plaintiff Lukis, they also must make an overbroad disclosure with respect to the other Plaintiffs.

*Instant Checkmate's Statement*

    A) **Depositions Remaining**

With respect to depositions to be taken by Plaintiffs, they have indicated that they have two depositions remaining to be taken: (1) the deposition of Shiem Edelbrock (Chief Technology Officer of PeopleConnect, Inc., Instant Checkmate's parent company); and (2) a Rule 30(b)(6) deposition.

The parties had scheduled the deposition of Mr. Edelbrock for February 22, 2021, a date to which Plaintiffs had agreed since February 2. However, on February 15, Plaintiffs unilaterally

cancelled Mr. Edelbrock's deposition. Due to Plaintiffs' cancellation, the parties are now in the process of rescheduling this deposition; Instant Checkmate has committed to providing dates for it to be completed prior to the March 15 deadline for Plaintiffs' fact discovery.

On February 12, 2021, Plaintiffs served Instant Checkmate with a Rule 30(b)(6) deposition notice. Plaintiffs' notice sets forth 19 examination topics. Instant Checkmate believes that it will likely designate Mr. Edelbrock for many of the examination topics. Thus, for efficiency reasons benefiting all parties, Instant Checkmate has requested that Plaintiffs take only one deposition of Mr. Edelbrock, in both his individual and corporate-representative capacities. Plaintiffs have not articulated any reason why it would be more appropriate to pursue the less efficient course of requiring Mr. Edelbrock to be deposed on two separate occasions.

As for depositions to be taken by Instant Checkmate, as contemplated by the current scheduling order, Instant Checkmate will depose each Plaintiff and conduct any other needed discovery after Plaintiffs file their motion for class certification, which currently is due by April 15, 2021. Dates for those depositions will be set after Plaintiffs' class certification motion is filed.

  **B)**   **Written Discovery Remaining**

    **1.**   **Discovery as to Newly Added Plaintiffs Harper and Adams**

The two newly added Plaintiffs, Robert Harper and Tiffany Adams, joined as a result of Plaintiffs' December 3, 2020 First Amended Complaint, have not yet served any discovery requests on Instant Checkmate.

Instant Checkmate's investigation to determine whether it has potential arbitration defenses against Harper and Adams is ongoing. While Instant Checkmate has at least some of Harper's and Adams's email addresses, it has learned as a result of documents recently produced by Plaintiff Lukis that, in order to fully assess its potential arbitration rights as to Harper and Adams, it will need to obtain discovery from Harper and Adams regarding their potential acceptance of Instant Checkmate's

4

Terms of Use and their activity on Instant Checkmate's website (including any "Off-Facebook Activity," as described below). Instant Checkmate is serving such discovery today.

### 2. Plaintiffs' Discovery Requests for "Copies" of Search Results and Cached Data

Plaintiffs state above that they "are requesting" that Instant Checkmate produce "copies of [] 'free previews' for each Plaintiff." In multiple meet and confers and written correspondence, Instant Checkmate repeatedly has explained to Plaintiffs' counsel that there are no such search results to produce. Rather, search results are only generated if a user runs a search by entering a person's name, city, and state into the search bar on the Instant Checkmate home page. Because Plaintiffs' request would require Instant Checkmate to create documents that do not otherwise exist, Instant Checkmate has explained, on numerous occasions, that it is an improper request to which no production is necessary. Moreover, even if Instant Checkmate were to do so, the search results that it would obtain would not contain the same information that might have been viewed by any user—assuming any user has conducted such a search at all. Indeed, in a meet and confer call yesterday, Plaintiffs' counsel stated that he understood, and did not take issue with, Instant Checkmate's position on this matter.

Plaintiffs state that, in the alternative, they request data that Instant Checkmate "apparently stores about people in its own private cache of information." As a threshold matter, this information is not covered by nor responsive to any discovery request that Plaintiffs have served to date, as Plaintiffs' counsel has admitted during the meet and confer process. But even if it were responsive to a pending discovery request, Instant Checkmate's cached information is irrelevant to Plaintiffs' claims, for reasons Instant Checkmate has explained in multiple meet and confers and written correspondence with Plaintiffs' counsel, and as is confirmed by Eric Greene's January 29, 2021 deposition testimony. Plaintiffs' description above of how Instant Checkmate uses cached data rests on a wholly inaccurate characterization of Mr. Greene's testimony that has no basis in fact. As Instant Checkmate's counsel has explained and as Mr. Greene unambiguously testified, the search results are

5

generated from a real time API call to Instant Checkmate's data providers. Instant Checkmate does not use the cache data to develop the search results. Moreover, the data in the cache is not a mirror image of search results, and the results of a search cannot be recreated from the data in the cache. Indeed, much of the data in the cache has never been displayed to any user. Thus, there is no legitimate discovery dispute over this data. Instant Checkmate will address this issue in full in briefing any motion to compel that Plaintiffs may file on this subject.

### 3. Instant Checkmate's Discovery Requests as to Plaintiff Fischer

On January 13, 2021, Plaintiffs' counsel agreed to produce "all data" accessible from Fischer's and Lukis's Facebook accounts and other social media accounts. Plaintiffs' counsel produced this data for Lukis, but reneged on doing so for Fischer. Despite Instant Checkmate's best efforts, through multiple meet and confers and written correspondence, to resolve this issue without the Court's assistance, it unfortunately appears that Instant Checkmate likely will need to file a motion to compel production of certain of Fischer's Facebook data: (1) documents showing Fischer's "Off-Facebook Activity," which would show his additional interactions with Instant Checkmate's website; and (2) documents showing third parties with whom Fischer has shared (and consented to the use of) his contact information. Additionally, Fischer has not produced any of his other social media data, which is relevant to the public nature of his information and his consents for third parties to use such information as well as other interactions with the Instant Checkmate website.

Instant Checkmate can search for at least some user interactions with its website if it has the email address that the user entered on the site. However, for other interactions (*e.g.*, where a user did not input an email address), Instant Checkmate cannot search for user activity unless it knows the details of when the user accessed the website. Instant Checkmate can glean this information from data stored by social media applications, including Facebook. Facebook tracks certain internet activity that its users have on sites other than Facebook, including instantcheckmate.com, and stores data (in the

6

form of a summary log) reflecting this activity. Facebook refers to this data as "Off-Facebook Activity." Lukis's Off-Facebook Activity showed that she accessed the Instant Checkmate website more than she disclosed in her interrogatory responses and more than Instant Checkmate was able to identify using just her email addresses. Similarly, Fischer's Off-Facebook Activity is relevant for determining whether he may have accessed Instant Checkmate's website and agreed to its Terms of Use. Fischer's Off-Facebook Activity is, therefore, relevant for determining whether he has agreed to arbitrate his claims and other terms and should be produced. Despite Plaintiffs' acknowledgement above that their "social media account information" is relevant "insofar as that private information might indicate visits by them to Defendant's website," Plaintiffs have yet to produce such information for Fischer after weeks of meet and confers between the Parties on this matter.

Documents from Fischer's Facebook account showing his third-party data sharing—in particular a document titled "Advertisers Who Uploaded a Contact List With Your Information"—reflect the third-party businesses, including "data partners," with whom Fischer has shared his "contact info." Lukis's data, for instance, shows that she shared her contact information with more than *4,200* third parties. One of the issues in this case is whether the information displayed in Instant Checkmate's search results and background reports is publicly available. Documents showing that Plaintiffs shared their contact information with third-party companies, potentially numbering in the thousands, demonstrates that Plaintiffs themselves made their information public. Documents from Fischer's Facebook showing the extent of his third-party data sharing are, therefore, relevant and should be produced.

### III. Any Foreseeable Obstacles to Meeting the Deadlines Set Forth in the Court's December 9, 2020 Order

The current deadlines in the Court's December 9, 2020 Order are: Plaintiffs' fact discovery is to be completed by March 15, 2021; Plaintiffs' class certification motion and initial brief are to be filed by April 15, 2021; and Instant Checkmate's fact discovery is to be completed by June 15, 2021.

*Plaintiffs' Statement*

In light of the discovery dispute outlined above, Plaintiff anticipates requiring additional time to complete discovery. This will potentially have an effect on the April 15, 2021 class certification deadline, which may require a slight modification.

*Instant Checkmate's Statement*

Instant Checkmate does not foresee any obstacles that should prevent the Parties from meeting the above deadlines. In particular, there are no good faith discovery disputes that would establish good cause, as required under Rule 16(b)(4), to amend the Court's scheduling order. The current scheduling order reflects the schedule that *Plaintiffs* requested, and to which Instant Checkmate agreed despite believing it provided more time than necessary. Plaintiffs have sufficient time to complete their fact discovery within the March 15, 2021 deadline that they proposed.

### IV. Whether There Is a Need for the February 26, 2021 Status Hearing

*Plaintiffs' Statement*

Plaintiff believes a status would be helpful to discuss the disputes and timelines currently at issue in this case.

*Instant Checkmate's Statement*

Instant Checkmate believes it would be more efficient for the Court to hold a hearing on these discovery issues after the parties have fully briefed them for the Court, though Instant Checkmate is

8

of course happy to appear if the Court believes the status hearing scheduled for February 26, 2021 would be helpful.

Dated: February 19, 2021

Respectfully Submitted,

| | |
|---|---|
| INSTANT CHECKMATE LLC | ROBERT FISCHER, STEPHANIE LUKIS, ROBERT HARPER, and TIFFANY ADAMS |
| By: /s/ Debbie L. Berman | By: /s/ Roberto Luis Costales |
| Debbie L. Berman, #6205154<br>Wade A. Thomson, # 6282174<br>Clifford W. Berlow, #6292383<br>JENNER & BLOCK LLP<br>353 N. Clark Street<br>Chicago, IL 60654-3456<br>Telephone: 312 222-9350<br>Facsimile: 312 527-0484<br>dberman@jenner.com<br>wthomson@jenner.com<br>cberlow@jenner.com | Roberto Luis Costales, #6329085<br>William H. Beaumont, #6323256<br>BEAUMONT COSTALES LLC<br>107 W. Van Buren, Suite 209<br>Chicago, IL 60605<br>Telephone: 773 831-8000<br>rlc@beaumontcostales.com<br>whb@beaumontcostales.com<br><br>*Attorneys for Plaintiffs* |

Ian Heath Gershengorn (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001-4412
Telephone: 202 639-6000
Facsimile: 202 639-6066
igershengorn@jenner.com

Avanti D. Bakane, #6299022
GORDON REESE SCULLY MANSUKANI, LLP
One North Franklin, Suite 800
Chicago, IL 60606
Telephone: 312 619-4922
abakane@grsm.com

Damon W.D. Wright (*pro hac vice*)
GORDON REESE SCULLY MANSUKANI, LLP
1101 King St., Suite 520
Alexandria, VA 22314
Telephone: 703 650-7016
dwright@grsm.com

*Attorneys for Defendant Instant Checkmate LLC*

10

## **CERTIFICATE OF SERVICE**

I, Debbie L. Berman, certify that on February 19, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

/s/ *Debbie L. Berman*