# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Fischer, Stephanie Lukis, Robert Harper, and Tiffany Adams, individually and on behalf of all others similarly situated,<br><br>                               Plaintiffs,<br><br>  v.<br><br>Instant Checkmate LLC,<br><br>                               Defendants. | Case No. 1:19-cv-04892<br><br>Hon. Judge Gary Feinerman<br><br>Magistrate Judge M. David Weisman |

## DECLARATION OF DEBBIE L. BERMAN

I, Debbie L. Berman, declare as follows:

1. I am a Partner at Jenner & Block LLP ("Jenner") in its Chicago, Illinois office. I am lead counsel for Instant Checkmate LLC ("Instant Checkmate") in this litigation.

2. On November 17, 2020, Instant Checkmate served interrogatories and requests for production on plaintiffs Robert Fischer and Stephanie Lukis. A true and correct copy of the interrogatories served on Fischer is attached as **Exhibit A**, and a true and correct copy of the requests for production served on Fischer is attached as **Exhibit B.**

3. Instant Checkmate agreed to multiple extensions of plaintiffs' time to respond, and plaintiffs served responses on January 8, 2021. A true and correct copy of Fischer's interrogatory responses is attached as **Exhibit C**, and a true and correct copy of Fischer's responses to requests for production is attached as **Exhibit D.**

4. Plaintiffs' responses were wholly inadequate, and within an hour of receiving the responses, I emailed plaintiffs' counsel requesting a meet and confer. A true and correct copy of that email is attached as **Exhibit E.**

5. On January 13, 2021, my colleague Sara Crook and I held a meet and confer with Roberto Costales, counsel for plaintiffs Stephanie Lukis and Robert Fischer. During this meet and confer, we explained the specific types of social media Instant Checkmate was seeking, including but not limited to documents reflecting plaintiffs' consent to share their data with third parties and relevant browsing history, that was captured in plaintiffs' Facebook data. We specifically asked Mr. Costales if plaintiffs would produce for Lukis and Fischer the same social media data that they produced for Lukis in the *Whitepages* matter, and Ms. Costales agreed that they would. Mr. Costales said that plaintiffs would produce "all data accessible" from Lukis and Fischer's Facebook and Twitter accounts (and for Lukis, her LinkedIn and Reddit accounts), including "all materials" they are "able to download, including, but not limited to posts, browsing history, user history, consents, and messages." Mr. Costales agreed to produce this information by January 18 for Lukis and January 22 for Fischer. I memorialized this agreement in an email to Mr. Costales the same day, and Mr. Costales has not disputed the accuracy of this email. A true and correct copy of this email is attached as **Exhibit F**.

6. On January 18 and January 24, 2021, pursuant to our January 13 agreement, Lukis produced her Facebook, Twitter and LinkedIn data. Among the documents she produced was a document from her Facebook account titled, "Your Off-Facebook Activity." A true and correct copy of this document is attached as **Exhibit G.** Lukis also produced a document from her Twitter account titled "Connected Applications", which reflects applications that have

permission to access some or all of Lukis' account data. A true and correct copy of this document is attached as **Exhibit H**.

7. Lukis' production also included a document from her Facebook account titled "Advertisers Who Uploaded a Contact List With Your Information", which reflects third parties with whom a person shared their contact information (hereinafter "Consents"). A true and correct copy of this document is attached as **Exhibit I.** The full document reflects that Lukis shared her contact information with more than 4,200 third parties.

8. On January 22, 2021, Mr. Costales emailed me notifying me that Fischer would not be producing the social media data he had previously agreed to produce and that Fischer would not be producing "any of his private Facebook data." A true and correct copy of that email is attached as **Exhibit J**.

9. In emails on January 24, January 25, and January 27, I repeatedly sought clarification as to the data Fischer was withholding, explaining that Fischer's Off-Facebook Activity showing interactions with Instant Checkmate and Consents were highly relevant. True and correct copies of these emails are attached as **Exhibit K**.

10. On February 2, 2021, Ms. Crook and I met and conferred with both of plaintiffs' counsel, Mr. Costales and William Beaumont. Plaintiffs' counsel said Fischer would not produce the same social media data Lukis produced, and in particular Fischer's Consents, because they "overproduced" for Lukis in this case and in the *Whitepages* case. They said they would not do the same as to Fischer because the information was irrelevant. But, plaintiffs' counsel reaffirmed their agreement to produce Mr. Fischer's "Off-Facebook Activity" reflecting his interactions with Instantcheckmate.com by February 16, 2021. I memorialized this

3

agreement, and plaintiffs' position on the issues, in an email the same day. A true and correct copy of that email is attached as **Exhibit L**.

11. On February 12, 2021, plaintiffs served a Rule 30(b)(6) deposition notice on Instant Checkmate. A true and correct copy of this deposition notice is attached as **Exhibit M**.

12. On February 16, 2021, Fischer reproduced some of the data he had previously produced in an unusable format and some additional, limited data from his Facebook account. This production did not include Fisher's "Off-Facebook Activity" page, his Consents or data from his Twitter account. I immediately wrote plaintiffs' counsel to note these deficiencies and said that if these documents were not produced by February 17, we would seek relief from the Court. A true and correct copy of this email is attached as **Exhibit N**.

13. When we received no response, I emailed plaintiffs' counsel again on the morning of February 18, 2021 indicating we had "no option but to seek assistance from the Court." A true and correct copy of that email is attached as **Exhibit O**.

14. On February 18, 2021, Mr. Beaumont called me to say he wanted to clear up some confusion about Fischer's Off-Facebook Activity. We spoke for a limited time because I had a previously scheduled meeting. Later that day, my colleague Josh Levin and I spoke with Mr. Beaumont. During these calls, Mr. Beaumont said for the first time that "Fischer has no Off-Facebook Activity." Mr. Beaumont was unable to clarify whether Fischer has no Off-Facebook Activity of any kind or no Off-Facebook Activity reflecting interactions with Instant Checkmate. Mr. Beaumont likewise was unable to answer several basic questions I asked to evaluate the factual basis of his claim that Fischer has no Off-Facebook Activity and the search that plaintiffs' counsel conducted.

15. I memorialized the two February 18, 2021 conversations, including by questions to Mr. Beaumont, in an email the same day. My email stated that it appeared the parties were at an impasse, despite Instant Checkmate's good faith efforts over several weeks to resolve the issues, and that absent a response to my several questions by February 22, 2021, Instant Checkmate would have no choice but to seek judicial intervention. A true and correct copy of that email is attached as **Exhibit P**.

16. At present, I have not received answers to any of the questions poses in my February 18, 2021 email, nor have we received productions of the other social media data that Fischer agreed to produce but did not yet produce.

17. Fischer's produced Facebook data indicated it was collected on January 22, well before plaintiffs' counsel specifically reaffirmed their agreement to produce Fischer's Off-Facebook Activity on February 2, 2021. A true and correct copy of Fischer's Facebook data reflecting a collection date of January 22 is attached as **Exhibit Q.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: February 25, 2021         By: */s/ Debbie L. Berman*
                                                                               Debbie L. Berman