# **EXHIBIT L**

| | |
|---|---|
| **From:** | Berman, Debbie L. |
| **Sent:** | Tuesday, February 2, 2021 6:36 PM |
| **To:** | Roberto Luis Costales; whb@beaumontcostales.com |
| **Cc:** | Crook, Sara M.; Levin, Joshua M.; Thomson, Wade A. |
| **Subject:** | FW: Fischer v. Instant Checkmate follow up from our meet and confer today |

Roberto and Will:

Thank you for taking the time to meet and confer with us today. To confirm, we agreed on the following:

1. No later than two weeks from today, you will produce documents regarding Mr. Fischer's public facing Facebook activities that are detailed in item #1 below, including, but not limited to: Mr. Fischer's public facing comments, events, following and followers, groups, likes and reactions, and profile info, preferably in the same format as you provided it for Ms. Lukis as the format you produced Mr. Fischer's other Facebook materials was missing information.

2. Also, no later than two weeks from today, you will produce Mr. Fischer's off-Facebook activity reflecting his interactions with Instantcheckmate.com.

3. You now are refusing to the full set of information concerning Mr. Fischer's social media activities, including the printout of his Facebook activities like you provided for Ms. Lukis, despite the fact that you agreed to do so during our prior meet and confer as memorialized below. Your explanation for your refusal was that you overproduced her information both in the Whitepages matter and this case but were not going to do so for Mr. Fischer. Again, you knew what you had produced for Ms. Lukis in the Whitepages matter when you agreed to produce the same information for Mr. Fischer in this case. You identified no legal authority to support your position of responding to identical requests to two plaintiffs who pled identical causes of action. Instead, you are relying on the cases you cited in your email – despite my explanation as why they are inapposite for many reasons. We agreed that we are at impasse on this issue despite good faith attempts to resolve it. We will seek appropriate relief from the Court.

4. We informed you that Mr. Edelbrock is available for his deposition on February 22nd at 10:00 AM CT. As I mentioned in my prior email today, we believe that it would be more efficient for everyone if you take a single deposition of Mr. Edelbrock both in his individual and corporate capacity at the same time.

Take care and be well.

Best,
Debbie

---

**From:** Berman, Debbie L. <DBerman@jenner.com>
**Sent:** Wednesday, January 27, 2021 7:40 PM
**To:** Roberto Luis Costales <rlc@beaumontcostales.com>
**Cc:** William H. Beaumont <whb@beaumontcostales.com>; Thomson, Wade A. <WThomson@jenner.com>; Crook, Sara

1

M. <SCrook@jenner.com>; Damon Wright <dwright@grsm.com>; Levin, Joshua M. <JLevin@jenner.com>
**Subject:** RE: Fischer v. Instant Checkmate follow up from our meet and confer today

Roberto:

Happy to meet and confer. I agree we should try to narrow as much as possible.

I am free for a call next Tuesday, February 2, but not at noon. I have another call scheduled then. I can do 9-10, 12:30-1, 2-3 or after 4. Please let me know what works, and I will send out a zoom invite.

Also, here is some additional detail about the issues with Mr. Fischer's production. I thought I would share them now so you have time to look into them before our call:

1. As mentioned in my previous email, there are vast discrepancies between the scope of the Facebook information you produced for Ms. Lukis and the scope of the Facebook information you have produced for Mr. Fischer to date – even with respect to the "public facing" information. The production for Ms. Lukis consisted of 34 different categories of information (listed below); the production for Mr. Fischer consisted of only one of those categories: his Facebook posts. The public facing information that Mr. Fischer did not produce, includes, but is not limited to: comments, events, following and followers, groups, likes and reactions, and profile info.

2. Apart from so-called public facing information, you also have not produced for Mr. Fischer the document produced for Ms. Lukis (described in my email below and reattached here) showing the third parties with whom Mr. Fischer consented to share his information despite your prior agreement to do so.

3. In addition to the substantive discrepancies in the scope of the two Facebook productions, the formatting of your limited production to date for Mr. Fischer was, without explanation, different from the formatting of the Facebook production for Ms. Lukis, and prevents us from fully accessing the content of even the small production of Facebook information you have provided for Mr. Fischer. Specifically, Ms. Lukis's production contains HTML files (among others) which allows us to view all the images contained therein, whereas the images are not visible in Mr. Fischer's production to date, Pls.' Bates Nos. 6–26.

Take care and be well.

Best,
Debbie

| Files Contained in Lukis Facebook Production |
| --- |
| about_you |
| accounts_center |
| ads_and_businesses |
| apps_and_websites |
| Archive |
| campus |
| comments |
| Events |
| facebook_gaming |
| files |
| following_and_followers |
| friends |

| |
|---|
| groups |
| interactions |
| likes_and_reactions |
| location |
| marketplace |
| messages |
| news |
| other_activity |
| pages |
| payment_history |
| photos_and_videos |
| posts |
| profile_information |
| rewards |
| saved_items_and_collections |
| search_history |
| security_and_login_information |
| short_videos |
| stories |
| trash |
| your_places |
| your_topics |
| Index |

**From:** Roberto Luis Costales <rlc@beaumontcostales.com>
**Sent:** Wednesday, January 27, 2021 2:03 PM
**To:** Berman, Debbie L. <DBerman@jenner.com>
**Cc:** William H. Beaumont <whb@beaumontcostales.com>; Thomson, Wade A. <WThomson@jenner.com>; Crook, Sara M. <SCrook@jenner.com>; Damon Wright <dwright@grsm.com>; Levin, Joshua M. <JLevin@jenner.com>
**Subject:** Re: Fischer v. Instant Checkmate follow up from our meet and confer today

External Email – Exercise Caution

Hi Debbie,

I can tell you that from reading these emails we are certainly not going to be agreeing on everything. However, it's in our interests (and the Court's) that we try and narrow to the extent possible what we disagree about. And I'm hopeful that another phone call will go a long way towards that understanding, because I've tried expressing our position via email and it isn't working.

3

Since ICM's discovery responses should be forthcoming by the end of the week, I propose we have our call next Tuesday - so that any perceived deficiencies in Defendant's responses can also be addressed in our conference. This will also give me time to review ICM's responses and to research some of the applicable legal issues. Does 12 Central work for you? If not, please let me know what time does. I would propose blocking off at least an hour for the call.

Thank you

On Wed, Jan 27, 2021 at 11:38 AM Berman, Debbie L. <DBerman@jenner.com> wrote:

> Roberto:
>
> To try to expedite this, attached is what you produced for Ms. Lukis about her additional consents. This is what we are looking for. Moreover, it appears that you did not produce other information for Mr. Fischer that you produced for Ms. Lukis. We are compiling a list and will send.
>
> Thanks and be well.
>
> Best,
> Debbie
>
> ---
>
> **From:** Berman, Debbie L. <DBerman@jenner.com>
> **Sent:** Wednesday, January 27, 2021 10:04 AM
> **To:** Roberto Luis Costales <rlc@beaumontcostales.com>
> **Cc:** William H. Beaumont <whb@beaumontcostales.com>; Thomson, Wade A. <WThomson@jenner.com>; Crook, Sara M. <SCrook@jenner.com>; Damon Wright <dwright@grsm.com>; Levin, Joshua M. <JLevin@jenner.com>
> **Subject:** RE: Fischer v. Instant Checkmate follow up from our meet and confer today
>
> Roberto:
>
> Thanks for your email.

With respect to what your client is required to produce in response our discovery requests, your characterization is not exactly accurate. There is absolutely no basis for you to withhold Mr. Fischer's social media activities (private or public) to the extent that they evidence his interactions with Instant Checkmate. They are clearly relevant. As with our discussion about Ms. Lukis, I am willing to look at his off Facebook (or other sites) information that shows his interactions with Instant Checkmate first to determine what else may need to be produced. As I already explained, the cases that you cited are wholly inapposite. Your clients' social media activities are relevant to the claims they brought in this case.

I also am concerned that you are producing different information for different clients in this case and different than in the Whitepages case even though the claims are very similar. There is no basis for producing information for one plaintiff that you are withholding for another or produced in an analogous case but withholding here. And I am sure that the judge will agree. Therefore, in order for us to evaluate this issue (and as I have asked you to do already), please confirm exactly what you are withholding with respect to Mr. Fischer and why. And also confirm with respect to what you are withholding, if you produced similar information for Ms. Lukis in this case or in the Whitepages case.

Also, for the consents, I believe based on what you told us and produced for Ms. Lukis, Mr. Fischer can print out what he consented to – that should have been produced like you did for Ms. Lukis. Moreover, because you haven't produced that information for Mr. Fischer, I don't know if the general Facebook or other social media consent pages are sufficient as your client may have been able to modify the default consents.

Moreover, your email just focused on Facebook. To be clear, our requests are not limited to Facebook.

Finally, I don't want you to think that the fact that we haven't responded to your position that your invocation of work product in some place but not others is not inconsistent means that we agree. We are evaluating this and likely will want to further meet and confer on this. As I explained to you during our meet and confer, you cannot selectively waive the privilege when it is beneficial to your case and then try to shield related information by invoking the privilege when it is not helpful to your case.

Happy to have a call to address any of these issues.

Best,
Debbie

**From:** Roberto Luis Costales <rlc@beaumontcostales.com>
**Sent:** Wednesday, January 27, 2021 9:32 AM
**To:** Berman, Debbie L. <DBerman@jenner.com>
**Cc:** William H. Beaumont <whb@beaumontcostales.com>; Thomson, Wade A. <WThomson@jenner.com>; Crook, Sara

M. <SCrook@jenner.com>; Damon Wright <dwright@grsm.com>; Levin, Joshua M. <JLevin@jenner.com>
**Subject:** Re: Fischer v. Instant Checkmate follow up from our meet and confer today

External Email – Exercise Caution

Hi Debbie,

We have produced Mr. Fischer's "public facing" social media i.e. what another user of the same social media platform is able to see. We are not providing his "private" information i.e. his browser history (as recorded by FB) his private messages, etc. With respect to "what consents he gave FB regarding the sharing of his information," that contractual language is generally available to the public via FB's homepage. If you would like, I can arrange having those links sent to you.

As I understand your email, you are now willing to limit ICM's social media discovery request. To be clear, my understanding is as follows: Mr. Wright originally propounded discovery seeking "all" of Plaintiffs' "public facing" social media information. Subsequently, you and I had a conference wherein you essentially amended the request to include "all" of Plaintiffs' social media information - regardless of whether it was public or private. Now, in your Jan. 25 email, it appears you are limiting your private social media request to only that information that evinces visits by Plaintiffs to instantcheckmate.com. Is that accurate?

Let me know your thoughts. If a phone call would clarify, we can also schedule .

Thank you

On Mon, Jan 25, 2021 at 12:14 PM Berman, Debbie L. <DBerman@jenner.com> wrote:

Will and Roberto:

I have now reviewed the "off Facebook" materials that you provided for Ms. Lukis. I am at a loss as how you believe you can withhold similar information for Mr. Fischer when it is clearly relevant on its face. The "off Facebook" information showed additional interactions by Ms. Lukis with the Instant Checkmate website. As you know, this is relevant to arbitrability and class waiver. Therefore, please produce that same type of information for Mr. Fischer immediately but not later than COB Wednesday or we likely will need to seek the Court's assistance and seek our fees for doing so – as this is clearly relevant information that you previously agreed to produce and then reneged.

Moreover, please confirm also by the COB on Wednesday what other information you are withholding regarding Mr. Fischer's Facebook activities when you say his private Facebook information. Information regarding consents he gave to Facebook regarding the sharing of his information and similar information that is not available by clicking on the link you provided is highly relevant to this case for the reasons we discussed during our meet and confer. Also, as you acknowledged during that call, it is very easy for the user to obtain this information so there is no undue burden to him to do so.

Finally, the cases that you cite are inapposite. They are not cases under the IRPA. They also do not concern consents to arbitrate or class action waiver where the interactions with websites is directly relevant. Instead, they involve different claims where the relevance of social media was not present as it is here.

Take care and be well.

Best,

Debbie

---

**From:** Berman, Debbie L. <DBerman@jenner.com>
**Sent:** Sunday, January 24, 2021 3:19 PM
**To:** William H. Beaumont <whb@beaumontcostales.com>
**Cc:** Roberto Luis Costales <rlc@beaumontcostales.com>; Thomson, Wade A. <WThomson@jenner.com>; Crook, Sara M. <SCrook@jenner.com>; Damon Wright <dwright@grsm.com>; Levin, Joshua M. <JLevin@jenner.com>
**Subject:** RE: Fischer v. Instant Checkmate follow up from our meet and confer today

Will:

I see you provided Mr. Fischer's verification.

Thanks.

Best,
Debbie

---

**From:** Berman, Debbie L. <DBerman@jenner.com>
**Sent:** Sunday, January 24, 2021 3:18 PM
**To:** William H. Beaumont <whb@beaumontcostales.com>
**Cc:** Roberto Luis Costales <rlc@beaumontcostales.com>; Thomson, Wade A. <WThomson@jenner.com>; Crook, Sara M. <SCrook@jenner.com>; Damon Wright <dwright@grsm.com>; Levin, Joshua M. <JLevin@jenner.com>
**Subject:** RE: Fischer v. Instant Checkmate follow up from our meet and confer today

Will:

Thank you. Would you please respond to the question I raised about the limitation on Mr. Fischer's materials and how it compares to what you have produced for Ms. Lukis? And when will you have Mr. Fischer's verification?

Take care and be well.

Best,
Debbie

---

**From:** William H. Beaumont <whb@beaumontcostales.com>
**Sent:** Sunday, January 24, 2021 3:15 PM
**To:** Berman, Debbie L. <DBerman@jenner.com>
**Cc:** Roberto Luis Costales <rlc@beaumontcostales.com>; Thomson, Wade A. <WThomson@jenner.com>; Crook, Sara M. <SCrook@jenner.com>; Damon Wright <dwright@grsm.com>; Levin, Joshua M. <JLevin@jenner.com>
**Subject:** Re: Fischer v. Instant Checkmate follow up from our meet and confer today

External Email – Exercise Caution

Counsel,

Attached as Bates no 5 is the "off Facebook" record Roberto earlier referred to. And Mr. Fischer's Facebook posts are attached (also viewable here https://www.facebook.com/rob.fischer.549). We're waiting on his Twitter page but in the meantime it's accessible to you here https://twitter.com/Rob_Fischer?s=03. We expect to have Ms. Lukis' verification tomorrow.

Thanks

Will

On Fri, Jan 22, 2021 at 3:39 PM Berman, Debbie L. <DBerman@jenner.com> wrote:

> Roberto:
>
> Please define what you mean by Mr Fischer's private Facebook data — are you withholding categories of data for Mr Fischer that you produced for Ms Lukis?
>
> Take care and be well.
>
> Best,
>
> Debbie
>
> On January 22, 2021 at 3:28:20 PM CST, Roberto Luis Costales <rlc@beaumontcostales.com> wrote:
>
>> External Email – Exercise Caution
>>
>> Debbie:
>>
>> I am writing re Plaintiffs' discovery supplements. Unfortunately, I am still waiting to hear back from my clients and I will not be returning to work today. I will be in touch with them during the weekend and I expect to have the actual supplemental responses to you on or before Sunday. That said, I can still provide you with the following information:

9

First, we do not object to providing Plaintiff Adams' and Harper's email addresses. Plaintiff Adams' is: tiffany.adams88@yahoo.com. Plaintiff Harper's is: robert112harper@gmail.com.

Second, we will be supplementing Plaintiff Lukis' "off Facebook" browser activity with a record reflecting activity on the Instant Checkmate website. I do not believe that we have any obligation to share with you the scope of our productions in the *Whitepages* matter. Nevertheless, I can tell you that the disclosures will have been identical - except that in *Whitepages* we provided a slightly different unredacted version of Lukis' "off Facebook" browser activity.

Third, please be advised that Plaintiff Fischer's responses will not include any of his private Facebook data. As I mentioned in my last email, our review of the case law indicates that blanket social media discovery requests are improper - particularly where those requests seek private information i.e. messages, browser histories, etc. I will certainly consider any case law that says the opposite, to the extent there is any.

Finally, we have again reviewed Plaintiffs' responses to Defendant's request to admit no. 2 and interrogatory nos. 3 and 4. We do not believe that our answers to those requests are inconsistent.

Thank you,

Roberto

On Wed, Jan 20, 2021 at 9:08 PM Berman, Debbie L. <DBerman@jenner.com> wrote:

> Roberto:
>
> Good evening. As we are evaluating Ms. Lukis' production, please confirm whether or not you produced all of the materials regarding Ms. Lukis' social media history that you produced in the Whitepages matter. I would appreciate an answer to all of my questions by Friday. We would like to try to resolve all of this amicably, but we will seek the Court's assistance if necessary.
>
> Take care and be well.

10

Best,
Debbie

---

**From:** Berman, Debbie L. <DBerman@jenner.com>
**Sent:** Wednesday, January 20, 2021 10:22 AM
**To:** Roberto Luis Costales <rlc@beaumontcostales.com>
**Cc:** Thomson, Wade A. <WThomson@jenner.com>; Crook, Sara M. <SCrook@jenner.com>; Damon Wright <dwright@grsm.com>; Levin, Joshua M. <JLevin@jenner.com>
**Subject:** RE: Fischer v. Instant Checkmate follow up from our meet and confer today

Roberto:

Good morning. Hope you are well. Just wanted to follow up on my last request for all of the email addresses that the new plaintiffs have used. We hope that we can exchange this information cooperatively. I would appreciate it if you would let me know asap if you are willing to do so and when you might expect sending them to us. If you aren't, we will send formal discovery though we hope it won't be necessary.

Take care and be well.
Best,
Debbie

---

**From:** Berman, Debbie L. <DBerman@jenner.com>
**Sent:** Wednesday, January 13, 2021 3:52 PM
**To:** Roberto Luis Costales <rlc@beaumontcostales.com>
**Cc:** Thomson, Wade A. <WThomson@jenner.com>; Crook, Sara M. <SCrook@jenner.com>; Damon Wright <dwright@grsm.com>; Levin, Joshua M. <JLevin@jenner.com>
**Subject:** Fischer v. Instant Checkmate follow up from our meet and confer today

Roberto:

Thank you for taking the time to meet and confer with us today about plaintiffs Lukis' and Fischer's discovery responses. To confirm, we agreed on the following:

1. By Monday, January 18th you will provide all data accessible from Lukis's Twitter, Facebook, and LinkedIn accounts. This data will include all materials she is able to download, including, but not limited to posts, browsing history, user history, consents, and messages.

2. By Friday, January 22nd you will have Lukis try to obtain the same types of information from Reddit. We have made a few inquiries and have learned that the Reddit app tracks the user's local browsing history (including subreddits you have navigated to via click-through or searching, posts you have viewed, things you have

upvoted/downvoted, etc.). We are still determining if you can wholesalely download that information like Ms. Lukis apparently did for her other social media accounts, but you can definitely screenshot within the browsing history interface. Also, even if you are unable to obtain the full materials requested, you will provide us with her Reddit posts by the 22nd. Please provide us with her Reddit user name to assist in trying to investigate other potential ways to obtain the information.

3. By Friday, January 22nd you will provide all data accessible from Fischer's Facebook and Twitter accounts. This data will include all materials he is able to download, including, but not limited to posts, browsing history, user history, consents, and messages.

4. By Friday, January 22nd you agreed you will tell us where you stand on your work product invocations in the Request to Admit. As we discussed, it seems like plaintiffs pick and chose where to invoke privilege concerning your activities on the Instant Checkmate website.

5. By Friday, January 22nd you agreed you will provide the verifications for both Ms. Lukis' and Mr. Fischer's interrogatory responses.

.

6. We will get back to you with proposed dates for the Sheim Edelbrock deposition. You agreed on an 11:00 AM cst start time and that you will only need half a day so four hours or less.

As we discussed, we will review the information you provide in items 1-3 above and will determine if it is sufficient to satisfy our requests. If not, we will follow up with you. You also agreed that we or you learn that the plaintiffs have additional social media accounts, you will provide the same information for those accounts.

One additional thing that I didn't raise on the call. Please provide us with all email addresses for the two new plaintiffs, Harper and Adams, so we can look into the issue of whether they agreed to the terms and conditions. We would appreciate this information by Monday, January 18, if possible. If you are unwilling to voluntarily doing so, please let us know asap so we can issue formal discovery though I hope that will be unnecessary.

Take care and be well.

Best,
Debbie

**Debbie L. Berman**

**Jenner & Block LLP**
353 N. Clark Street, Chicago, IL 60654-3456  |  jenner.com
+1 312 923 2764 | TEL
+1 312 317 9377 | MOBILE
+1 312 840 7764 | FAX
DBerman@jenner.com
Download V-Card  |  View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

--

**The information contained in this transmission may contain privileged and confidential communications. It is intended only for the use of person(s) named above. If you are not the intended recipient(s), you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient(s), please contact the sender by reply e-mail and kindly destroy all copies of the original message.**

--

*The information contained in this transmission may contain privileged and confidential communications. It is intended only for the use of person(s) named above. If you are not the intended recipient(s), you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient(s), please contact the sender by reply e-mail and kindly destroy all copies of the original message.*

\--

**The information contained in this transmission may contain privileged and confidential communications. It is intended only for the use of person(s) named above. If you are not the intended recipient(s), you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient(s), please contact the sender by reply e-mail and kindly destroy all copies of the original message.**

\--

**The information contained in this transmission may contain privileged and confidential communications. It is intended only for the use of person(s) named above. If you are not the intended recipient(s), you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient(s), please contact the sender by reply e-mail and kindly destroy all copies of the original message.**