# EXHIBIT P

| | |
|---|---|
| **From:** | Berman, Debbie L. |
| **Sent:** | Thursday, February 18, 2021 5:11 PM |
| **To:** | William H. Beaumont |
| **Cc:** | Roberto Luis Costales; Crook, Sara M.; Thomson, Wade A.; Levin, Joshua M.; Damon Wright |
| **Subject:** | RE: Follow-up on various discovery items |

Will:

This is to memorialize our two conversations today. You called me today because you said you thought we were confused about Mr. Fischer's discovery responses. It is clear from our call that there is no confusion on our part. Mr. Fischer is continuing to refuse to produce documents that he previously agreed to produce.

Here is a summary of the main points discussed in the two meet and confer calls we had today.

**Fischer's Off-Facebook Activity**

On our calls today, you stated for the first time that Fischer has no Off-Facebook Activity. You have not been able to clarify whether you mean that Fischer has no Off-Facebook Activity of any kind or no Off-Facebook Activity reflecting any interactions he has had with Instant Checkmate. But, as discussed, our request to produce always has been limited to the latter though information about the former is relevant to assessing the claim that he has no Off-Facebook Activity related to Instant Checkmate.

It is perplexing that you are only now mentioning the absence of any responsive Off-Facebook Activity for Fischer given that we have been discussing this issue for weeks. You originally agreed on January 13, 2021, to produce "all data" accessible from Fischer's and Lukis's Facebook accounts and other social media accounts, which would include their Off-Facebook Activity. Then, on January 24, you produced Lukis's Off-Facebook Activity showing two visits to Instant Checkmate that she had not previously disclosed; you also produced a very limited production of certain public-facing Facebook data for Fischer. After that production, we specifically asked you and your agreed to produce Mr. Fischer's Off-Facebook Activity. During that call, you should have known what Facebook materials Mr. Fischer had because his Facebook documents show that they were collected on January 22, 2021. We have had numerous calls and email exchanges since January 22 and you did not claim that Mr. Fischer did not have any responsive Off-Facebook Activity during any of them. Causing more concern is the fact that you were not able to explain this delay on our call today.

As discussed on our call, the following are initial questions that we would like to have answered in order to evaluate the accuracy of this newly-made claim that Mr. Fischer does not have any responsive Off-Facebook Activity:

- What is the factual basis for your representation that Fischer does not have any responsive Off-Facebook Activity?
- Who searched for Mr. Fischer's Off-Facebook Activity and when was the search conducted?
- Have you or Mr. Fischer conducted the same type of search of Fischer's Off-Facebook Activity that you or Ms. Lukis conducted of her Off-Facebook Activity, which yielded Pl.s' Bates No. 5?
- Are you (or Mr. Fischer) able to search within Fischer's Off-Facebook Activity for interactions with Instant Checkmate, and then send us a screenshot of whatever the results of this search are?
- Has Mr. Fischer ever erased his Off-Facebook Activity or changed his Facebook privacy settings such that Facebook would no longer record his Off-Facebook Activity?

- Mr. Fischer admitted in his discovery responses that he accessed the Instant Checkmate website in June 2019. (Fischer's Resp. to ROG No. 1.) Can you explain why this June 2019 interaction with Instant Checkmate's website would not appear on Fischer's Off-Facebook Activity, assuming that is the case?

Even though we have been discussing this issue for weeks, you said you needed even more time to provide us with the answers to the above questions. We need to reach resolution on this issue promptly so we can keep this case moving. Therefore, please provide answers by Monday February 22, or we will assume your lack of a response means that the parties remain at an impasse despite Instant Checkmate's good faith efforts over several weeks to resolve these issues, and we will be left with no choice but to seek assistance from the Court.

**Additional items not produced by Mr. Fischer**

You confirmed on the call that Mr. Fischer continues to refuse to produce the other categories of information detailed below even though Mr. Fischer previously agreed to produce them.

**Search Results and SEO Directory**

You said you understood, and did not take issue with, Instant Checkmate's position that your document requests for search results improperly would require Instant Checkmate to create documents that do not otherwise exist. Moreover, as we explained, you and Roberto agreed that if we produced the screen shot of the home page and stipulated to the authenticity of the two documents you identified, that would resolve this issue. We have done both so this issue should be moot.

Despite your prior agreement, however, you are now again asking Instant Checkmate to produce search results for your two new clients. You now claim that these search results are stored in Instant Checkmate's SEO directory. You further stated that your request was based on the depositon testimony of Eric Greene. Mr. Greene, however, testified to no such thing. Rather, he testified that much of the data contained in the SEO directory never appeared in a search result and there is no way to discern which information in the SEO directory actually did appear in a search result. Nor did Mr. Greene ever testify that Instant Checkmate generates search results by pulling data from its SEO Directory. To the contrary, he testified that, for each search initiated by a user, Instant Checkmate makes a real-time API call to a data provider from which it obtains the data that is then displayed in a search result.

We do not understand why you continue to mischaracterize the SEO Directory, especially given that I have explained why it is wholly irrelevant in my February 13 email, my February 15 emails, and on multiple meet and confers – all of which is consistent with and confirmed by Mr. Greene's testimony. Moreover, In our February 15 meet and confer, in which you and Roberto were not able to articulate the relevance of information in the SEO Directory, Roberto stated at the end of the call that you needed to review case law and revert back. You have not yet done so. Finally, to be clear, any motion to compel such data based on your misunderstanding of Mr. Greene's testimony –that we have clarified now numerous times – would be frivolous.

Take care and be well.

Best,
Debbie

---

**From:** Berman, Debbie L. <DBerman@jenner.com>
**Sent:** Thursday, February 18, 2021 7:18 AM
**To:** William H. Beaumont <whb@beaumontcostales.com>
**Cc:** Roberto Luis Costales <rlc@beaumontcostales.com>; Crook, Sara M. <SCrook@jenner.com>; Thomson, Wade A. <WThomson@jenner.com>; Levin, Joshua M. <JLevin@jenner.com>; Damon Wright <dwright@grsm.com>
**Subject:** RE: Follow-up on various discovery items

Roberto and Will:

Good morning.

We received no response whatsoever from you regarding the below email. Therefore, we assume that we are at an impasse despite good faith efforts over several weeks to try to resolve these issues. Therefore, you have left us with no option but to seek assistance from the Court in connection with the production of these highly relevant documents.

Take care and be well.

Best,
Debbie

---

**From:** Berman, Debbie L. <DBerman@jenner.com>
**Sent:** Tuesday, February 16, 2021 7:24 PM
**To:** William H. Beaumont <whb@beaumontcostales.com>
**Cc:** Roberto Luis Costales <rlc@beaumontcostales.com>; Crook, Sara M. <SCrook@jenner.com>; Thomson, Wade A. <WThomson@jenner.com>; Levin, Joshua M. <JLevin@jenner.com>; Damon Wright <dwright@grsm.com>
**Subject:** RE: Follow-up on various discovery items

Roberto and Will:

We have reviewed today's production of documents from Mr. Fischer.

During our meet and confers, you agreed to produce Mr. Fischer's off-Facebook activity reflecting his interactions with the Instant Checkmate website. These clearly are relevant to his consents and agreement to Instant Checkmate's TOUs. We were unable to locate any in the production. We have been more than patient in waiting for these documents as we have been discussing them for more than a month already. They need to be produced immediately.

Also, despite the fact that in our meet and confer on January 13, 2021, you agreed to produce all data accessible from Mr. Fischer's Facebook and other social media accounts -- just like you produced for Ms. Lukis -- you subsequently reneged on doing so. With respect to the non-public facing Facebook information, you tried to justify your subsequent refusal using the excuse that whether Mr. Fischer's information, like his cell phone or email address, are publicly available due to consents to other businesses is irrelevant. In fact, you said that it doesn't matter to his lawsuit if his information is publicly available or not. Yet, in the 30(b)(6) notice that you served on Instant Checkmate over the weekend, you include several categories directed specifically at whether the information in Instant Checkmate's search results and background reports is publicly available. For example, you identified examination topics relating to "the source or data provider for the specific data on each page," "specific source(s) from which you obtain a person's cellular phone number(s), email address(es), and relative(s) and what you do to associate each of these with an individual" and "the specific sources where your Data Providers obtain PII that they provide to you." *See, e.g.*, 30(b)(6) Topics 4, 15, 16. These topics all relate to whether the information in Instant Checkmate's search results and background reports is from public sources or not. You cannot have it both ways. You cannot maintain that such information is relevant for the purposes of your discovery, but irrelevant for the purposes of Instant Checkmate's discovery. Therefore, I suggest you reconsider producing Mr. Fischer's Facebook data relating to "ads_and_businesses," including the document relating to Advertisers Who Uploaded a Contact List With Your Information. This is directly relevant to the issue of with which companies Mr. Fischer has shared his data and consented to its use. It is important to note that you produced this information for Ms. Lukis both in this case and the Whitepages case because you knew it was relevant. You cannot withhold the same information for Mr. Fischer simply because Ms. Lukis' information is damaging to her case and presumably Mr. Fischer's is damaging to his case. With respect to Mr. Fischer's other social media activities, you have provided no reason why this information has not been produced.

Please produce these documents by close of business tomorrow, or you will leave us with no choice but to seek the Court's assistance in compelling the production of these obviously relevant documents.

Take care and be well.

Best,
Debbie

---

**From:** Berman, Debbie L. <DBerman@jenner.com>
**Sent:** Tuesday, February 16, 2021 4:16 PM
**To:** William H. Beaumont <whb@beaumontcostales.com>
**Cc:** Roberto Luis Costales <rlc@beaumontcostales.com>; Crook, Sara M. <SCrook@jenner.com>; Thomson, Wade A. <WThomson@jenner.com>; Levin, Joshua M. <JLevin@jenner.com>; Damon Wright <dwright@grsm.com>
**Subject:** RE: Follow-up on various discovery items

Will:

Thanks. We will review and revert if we have questions or concerns.

Take care and be well.

Best,
Debbie

---

**From:** William H. Beaumont <whb@beaumontcostales.com>
**Sent:** Tuesday, February 16, 2021 4:10 PM
**To:** Berman, Debbie L. <DBerman@jenner.com>
**Cc:** Roberto Luis Costales <rlc@beaumontcostales.com>; Crook, Sara M. <SCrook@jenner.com>; Thomson, Wade A. <WThomson@jenner.com>; Levin, Joshua M. <JLevin@jenner.com>; Damon Wright <dwright@grsm.com>
**Subject:** Re: Follow-up on various discovery items


External Email – Exercise Caution

Good afternoon Debbie,

Here is Mr. Fischer's Facebook data:
https://drive.google.com/drive/folders/1GJsgXRZ06fNMuGghm68X4vsq5O_u6viM?usp=sharing

Should you have any questions or concerns, I'm available to discuss.

Thanks

Will

On Tue, Feb 16, 2021 at 3:47 PM Berman, Debbie L. <DBerman@jenner.com> wrote:

Roberto and Will:

Today we are producing additional documents as a result of the parties' meet and confer discussions and emails. As I noted for the videos produced yesterday, all of these videos in today's production are readily available on the Instant Checkmate website and on YouTube. Also, these videos are based on prior versions of the websites. We are not aware of any updated videos. The file with the documents must have been too big for your firewall and was bounced. So we will resend via ftp.

Take care and be well.

Best,

Debbie

---

**From:** Berman, Debbie L.
**Sent:** Monday, February 15, 2021 5:07 PM
**To:** Roberto Luis Costales <rlc@beaumontcostales.com>
**Cc:** whb@beaumontcostales.com; Crook, Sara M. <SCrook@jenner.com>; Thomson, Wade A. <WThomson@jenner.com>; Levin, Joshua M. <JLevin@jenner.com>
**Subject:** RE: Follow-up on various discovery items

Roberto and Will:

As we indicated below and as a result of our prior meet and confer and emails, here is an additional production by Instant Checkmate. Please note that the videos, which are readily available on the Instant Checkmate website and on YouTube, are based on a prior version of the website. We are not aware of any updated videos to reflect the current version of the website.

Take care and be well.

Best,
Debbie

---

**From:** Berman, Debbie L. <DBerman@jenner.com>
**Sent:** Monday, February 15, 2021 4:34 PM
**To:** Roberto Luis Costales <rlc@beaumontcostales.com>
**Cc:** whb@beaumontcostales.com; Crook, Sara M. <SCrook@jenner.com>; Thomson, Wade A. <WThomson@jenner.com>; Levin, Joshua M. <JLevin@jenner.com>
**Subject:** RE: Follow-up on various discovery items

Roberto and Will:

Here is our summary of the main points of today's meet and confer call:

1.    You unilaterally are cancelling Mr. Edelbrock's deposition on February 22nd.  You asked for new dates.  We said that we would send you available dates for his dep between March 9th and the discovery cut-off of March 15 so that there should not issue with his deposition being completed before the current discovery cut-off.  You said you had no conflicts during that timeframe.

2.    You raised the issue of stipulating to the authenticity of screenshots.  As I explained in my prior email and reiterated on the call, we are amenable to trying to reach agreement on authenticity though we need to know to which documents you are referring.  You pointed us to RFA's 9 and 10 as examples of what you were interested in trying to reach a stipulation.  I told you that I will review and let you know. I did raise the issue that the results pages are not static so we wouldn't be able to stipulate in any event that any screenshots are THE results pages for your client or anyone else, but at most we might be able to stipulate that the screenshot is a true and accurate depiction of the result page for a particular search conducted on a particular day.

3.    You informed us that you plan to move for an extension of time to complete your discovery because Mr. Greene testified about the SEO directory at his deposition that took place more than two weeks ago on January 29, 2021.  We informed you that we do not agree to any extensions especially because the SEO directory has no relevance whatsoever to your clients' claims as detailed in item #5 below.

4.    You asked if we have any issues with the 30(b)(6) notice you served at the end of last week.  We told you that we will send you our formal objections once we have had sufficient time to review and analyze your notice which has almost 20 lengthy topics.

5.    We spent the vast majority of the call discussing the SEO directory.  This no dispute that this information is not responsive to any existing discovery request.  I also reiterated our positon that in our view, this information is not relevant to plaintiffs' claims which allege that the search results page is an ad for services in violation of the IRPA. As Mr. Greene testified in his deposition, the SEO directory is not a directory of search results, but instead contains lots of  information that may never have public.  Moreover, it is not possible to discern whether a person's information in the SEO directory is there because of an actual search or whether it was ever displayed in actual search results.  Even though I believe that for those reasons and others the SEO directory is wholly irrelevant to your clients' claims, I asked you numerous times during our 45 minute call why you believed it was relevant.  I told you that I would listen to your explanation and see if I was missing something that might change my mind.  You declined to answer my question each time I asked it.  Instead, you initially claimed that you are entitled to the ESI in the SEO directory whether or not it is relevant; at the end of our call, you said you need to review case law and get back to me.

Take care and be well.


Best,

Debbie

---

**From:** Roberto Luis Costales <rlc@beaumontcostales.com>
**Sent:** Sunday, February 14, 2021 1:30 PM
**To:** Berman, Debbie L. <DBerman@jenner.com>
**Cc:** whb@beaumontcostales.com; Crook, Sara M. <SCrook@jenner.com>; Thomson, Wade A. <WThomson@jenner.com>; Levin, Joshua M. <JLevin@jenner.com>
**Subject:** Re: Follow-up on various discovery items


External Email – Exercise Caution

# Yes 1:30 works


On Sun, Feb 14, 2021 at 2:25 PM Berman, Debbie L. <DBerman@jenner.com> wrote:

Roberto:


I didn't hear back from you. I assume 1:30 doesn't work. I am going to go offline for about 45 minutes to an hour. Please let me know what works for you later today, and I will send out an invite.


Take care and be well.


Best,
Debbie


**From:** Berman, Debbie L. <DBerman@jenner.com>
**Sent:** Sunday, February 14, 2021 12:51 PM
**To:** Roberto Luis Costales <rlc@beaumontcostales.com>

**Cc:** whb@beaumontcostales.com; Crook, Sara M. <SCrook@jenner.com>; Thomson, Wade A. <WThomson@jenner.com>; Levin, Joshua M. <JLevin@jenner.com>
**Subject:** Re: Follow-up on various discovery items

Roberto:

We are available at 1:30 for a call. If that works for you, I will send out an invite.

Take care and be well.

Best,

Debbie

On February 14, 2021 at 12:15:45 PM CST, Roberto Luis Costales <rlc@beaumontcostales.com> wrote:

External Email – Exercise Caution

Debbie,

I'm disappointed that ICM is not able to agree to informally provide some of this information, considering that my side has been more than accommodating in that regard.

Do you have ten minutes tomorrow to discuss this, and the Edelbrock deposition issue? I am free in the afternoon. Thanks

On Sat, Feb 13, 2021 at 2:17 PM Berman, Debbie L. <DBerman@jenner.com> wrote:

> Roberto:
>
> As promised in my email below, here are our responses to the items you raised in connection with our discovery responses. I have put the answers below each item in your 2/9 email so we have a complete chain on each topic.

There are a few additional items that we are looking into, but instead of holding everything up, we will produce what we have ready on Monday. If there any additional responsive documents we will produce them promptly.

While we believe that our responses should resolve all of your items, please let me know if you wish to discuss any of them further.

We would appreciate your prompt response to my email of 2/12 that is directly below this email.

Take care and be well.

Best,
Debbie

---

**From:** Berman, Debbie L. <DBerman@jenner.com>
**Sent:** Friday, February 12, 2021 12:37 PM
**To:** Roberto Luis Costales <rlc@beaumontcostales.com>
**Cc:** whb@beaumontcostales.com; Crook, Sara M. <SCrook@jenner.com>; Thomson, Wade A. <WThomson@jenner.com>; Levin, Joshua M. <JLevin@jenner.com>
**Subject:** RE: Court reporter info and 30(b)(6)

Roberto:

Thanks for sending the 30(b)(6) notice. We will review and get back to you. We also are still working on the issues you raised below and hope to have some answers, if not all of them, later today or tomorrow.

In the meantime, we would appreciate some clarification. Are you not able to take any dep on February 22 because of your schedule? And regardless of the date, are you amenable to a single dep for Shiem in his personal capacity and corporate rep capacity for the topics for which he will be designate? We would appreciate if you would let us know promptly as that will aid for scheduling purposes.

Take care and be well.

Best,
Debbie

---

**From:** Roberto Luis Costales <rlc@beaumontcostales.com>
**Sent:** Friday, February 12, 2021 11:40 AM
**To:** Berman, Debbie L. <DBerman@jenner.com>
**Cc:** whb@beaumontcostales.com; Crook, Sara M. <SCrook@jenner.com>; Thomson, Wade A. <WThomson@jenner.com>; Levin, Joshua M. <JLevin@jenner.com>
**Subject:** Re: Court reporter info and 30(b)(6)

External Email – Exercise Caution

Debbie:

Attached is the 30(b)(6). Please review and get back to me. Given our outstanding discovery requests (addressed below) and also our personal schedules, February 22 is not going to work for the deposition.

Please advise asap regarding the discovery requests outlined in our February 10. Are formal discovery requests going to be required? Do you anticipate any disagreement necessitating Court involvement? We need these questions resolved (and the documents themselves) prior to the deposition. I'd like to wrap everything up within the deadline (we have until March 15) so if there are disagreements we will need to bring to the Court's attention asap.

Thank you,

Roberto

On Thu, Feb 11, 2021 at 11:58 AM Berman, Debbie L. <DBerman@jenner.com> wrote:

Roberto:

We are looking into some of the issues that you raise and revert in the near future.

Take care and be well.

Best,
Debbie

---

**From:** Roberto Luis Costales <rlc@beaumontcostales.com>
**Sent:** Tuesday, February 9, 2021 3:52 PM
**To:** Berman, Debbie L. <DBerman@jenner.com>
**Cc:** whb@beaumontcostales.com; Crook, Sara M. <SCrook@jenner.com>; Thomson, Wade A. <WThomson@jenner.com>; Levin, Joshua M. <JLevin@jenner.com>
**Subject:** Re: Court reporter info and 30(b)(6)

External Email – Exercise Caution

Debbie,

We are working on getting you the 30(b)(6) notice and will have it to you shortly. I'm a little confused how you can be so sure that Mr. Edelbrock is fit for both depositions without having seen our notice. Anyway, and as contemplated during our last phone call with you, I am itemizing the following documents that we still need from your client. We will need these prior to the 30(b)(6) deposition, so please let me know your position on same asap so we can seek relief from the Court if necessary.

-All ESI related to any of the Plaintiffs saved/stored by ICM. This includes, but is not limited to, all data saved in the "SEO Directory" and any other data saved/stored and associated with the Plaintiffs' "ID." Since ICM has already generated a background report for Plaintiffs Lukis and Fischer as part of

discovery in this matter, I trust you are already aware of their IDs. Please let me know whatever additional information is required, if any, to identify the IDs of Plaintiffs' Harper and Adams.

As you acknowledge (by not citing a discovery request and suggesting above that you probably need to serve additional discovery to cover these topics), these items are not covered by nor responsive to any current discovery response served by the plaintiffs on Instant Checkmate. Moreover, the two new plaintiffs have not yet served any discovery requests , let alone ones that cover these topics.  Therefore, the documents that you have identified for the first time in your email are not documents that Instant Checkmate has an obligation to produce.

If you wish to serve a new discovery request for this information, we will review and respond appropriately.  Please note, however, that at this point, we do not see any potential relevance of the data in the SEO directory.  The plaintiffs' claim is that the *search results* page is used for "a commercial purpose" in violation of IRPA, but, as you know from Mr. Greene's testimony, much of the data contained in the SEO directory never appeared in a search result, and more importantly, there is no way to identify which information in the SEO directory actually did appear in a search result. Additionally, we believe you have misunderstood Mr. Greene's testimony regarding "IDs." Mr. Greene's testimony about IDs was in connection with how someone's information is opted out from the database.  There was no testimony by Mr. Greene about any relationship between IDs and background reports, let alone search results.  He did testify that you can search the SEO directory for IDs if you already know them, but did not testify that any information identified by such a search would be related to search results or background reports.  Moreover, your clients' claims are about the search results, not the background reports which they have admitted do not violate the IRPA  If you are basing your request on something other than Mr. Greene's testimony or can articulate how such information could be relevant to plaintiffs' claims, we are happy to review and consider once you serve a discovery request related to such information.

-Screenshots, documents, and videos demonstrating the homepage and the search results page of ICM's website. I understand your position that ICM does not need to "generate" any documents, but I am still quite sure there are responsive documents to this request (See Plaintiffs' RPD Nos. 10-11). For one, the homepage is static and can be provided. Secondly, we are aware that ICM has promulgated videos about its service. To the extent that these videos illustrate functionality, we want them. Hopefully they will sufficiently describe the search interface. If they do not, and ICM is unwilling to provide any other materials illustrating the search results page (or stipulate to the authenticity of the exhibits that Plaintiff has obtained) we are probably going to proceed with a website inspection of some type. I frankly do not think that these materials are controversial and so I hope we can work through getting them provided simply and expeditiously.

 All of the materials you are requesting are publicly available on Instant Checkmate's website and are thus equally available to Plaintiffs as to Instant Checkmate. You yourself have been on the Instant Checkmate website and know how a search works. Nonetheless, to avoid wasting more time on this issue, we will produce a screen shot of the home page for Instantcheckmate.com.  On the other hand, there is no static

"results page" on the website. Instead, as you know, search results are only generated if a user runs a search by entering a person's name/city/state into the search bar on the home page. Because your request would require Instant Checkmate to create documents that do not otherwise exist, it is an improper request to which no response is necessary or appropriate. Moreover, plaintiffs already have screenshots of certain search results pages because they used them in their complaint. So it unclear to us what more you need that you do not already have.

Moreover, for the first time, you suggest that you would withdraw this request if Instant Checkmate "stipulate[s] to the authenticity of the exhibits that Plaintiff has obtained." We are happy to consider such a request once you provide us with copies of the exhibits to which you are referring. We cannot just agree in a vacuum to stipulate to authenticity when we do not know what we would be agreeing about. With respect to the "videos demonstrating the homepage," it is unclear to us what is the relevance of these videos, and these too are all publicly available on the Instant Checkmate website which is where we assume you learned about them. But again to stop wasting time on irrelevant issue, we will produce video files for videos that are available on the website that concern how the website works.

-The terms of use, privacy policy, and limited license documents affiliated with the ICM website. (See. RPD Nos. 5-9).

We are not clear what you mean by document "affiliated" with the Instant Checkmate website. We assume you mean, as you articulated in our prior meet and confer, that you are seeking the terms of use, privacy policy, and limited license agreement that currently are in effect for the Instant Checkmate website. Although these documents also are publicly available on Instant Checkmate's website and equally accessible to you (indeed Instant Checkmate provided links to each of these documents in its August 31, 2020 discovery responses), we will produce copies of Instant Checkmate's current terms of use, privacy policy and limited license agreement.

-Documents supporting ICM's defenses, or a statement that there are no such documents. (See RPD No. 16).

As we stated in our objection to this request in Instant Checkmate's January 28, 2021 discovery responses, this request is premature. Discovery and Instant Checkmate's fact investigation are ongoing, plaintiffs have not yet filed their motion for class certification, we have not completed written discovery and we have not yet conducted plaintiffs' depositions. In fact, we still don't have complete answers from plaintiffs to Instant Checkmates' outstanding written discovery. As you know, we generously agreed to a number of extensions to plaintiffs to initially answer Instant Checkmate's discovery and now to more extensions to produce documents that plaintiffs already have agreed to produce. So any delay here has been caused by plaintiffs themselves.

Moreover, as you know, Instant Checkmate served a discovery request on plaintiffs for "all documents supporting any claim in this case." (Def.'s RFP No. 15.) In response, plaintiffs claimed that the request was premature, and even though plaintiffs, unlike Instant Checkmate, have taken depositions and conducted

discovery, still have identified no documents that they claim support their claims. We expect plaintiffs to seasonably supplement their discovery responses no later than the end of plaintiffs' discovery deadline of March 15, 2021. We will do the same after we receive the outstanding discovery and complete our additional discovery.

Please let me know re the above items. Depending on your response, a phone call may be in order.

Thank you

--
**The information contained in this transmission may contain privileged and confidential communications. It is intended only for the use of person(s) named above. If you are not the intended recipient(s), you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient(s), please contact the sender by reply e-mail and kindly destroy all copies of the original message.**

On Tue, Feb 9, 2021 at 10:17 AM Berman, Debbie L. <DBerman@jenner.com> wrote:

> Roberto and Will:
>
> Good morning.
>
> I wanted to follow up with the issue regarding a 30(b)(6) that we discussed during our last call and in my email below. If you do intend on taking a 30(b)(6) deposition, please send us the notice asap. As I explained, we believe that Shiem likely will be the witness for most if not all of the topics based on your prior description of your areas of focus. If that is the case, we believe that the appropriate course of action is to take a single dep of him that would be in both in his individual corp rep capacity. We likely will object to any efforts to try to depose him twice under the guise that one of those deps is a 30(b)(6) given that there is a much more efficient way to proceed.
>
> Take care and be well.
>
> Best,
> Debbie
>
> ---
>
> **From:** Berman, Debbie L. <DBerman@jenner.com>
> **Sent:** Tuesday, February 2, 2021 2:51 PM
> **To:** Roberto Luis Costales <rlc@beaumontcostales.com>; whb@beaumontcostales.com
> **Cc:** Crook, Sara M. <SCrook@jenner.com>; Thomson, Wade A. <WThomson@jenner.com>; Levin, Joshua M. <JLevin@jenner.com>
> **Subject:** Court reporter info and 30(b)(6)
>
> Roberto and Will:

My other call just ended so I was able to go through my files. She said that the job # was 4438295. That's all she gave me.

Just wanted to explain re 30(b)(6) – obviously we won't know exactly until we get your notice, but we believe that Shiem likely will be the corporate representative for many, if not all, of the topics. If that is the case, we propose putting him up once for a combined individual and 30(b)(6) dep. It is much more efficient for everyone.

Thanks and be well.

Best,
Debbie

---

**Debbie L. Berman**

**Jenner & Block LLP**
353 N. Clark Street, Chicago, IL 60654-3456  |  jenner.com
+1 312 923 2764 | TEL
+1 312 317 9377 | MOBILE
+1 312 840 7764 | FAX
DBerman@jenner.com
Download V-Card  |  View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

--
**The information contained in this transmission may contain privileged and confidential communications. It is intended only for the use of person(s) named above. If you are not the intended recipient(s), you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient(s), please contact the sender by reply e-mail and kindly destroy all copies of the original message.**

--
**The information contained in this transmission may contain privileged and confidential communications. It is intended only for the use of person(s) named above. If you are not the intended recipient(s), you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly**

14

prohibited. If you are not the intended recipient(s), please contact the sender by reply e-mail and kindly destroy all copies of the original message.

--

The information contained in this transmission may contain privileged and confidential communications. It is intended only for the use of person(s) named above. If you are not the intended recipient(s), you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient(s), please contact the sender by reply e-mail and kindly destroy all copies of the original message.

--

The information contained in this transmission may contain privileged and confidential communications. It is intended only for the use of person(s) named above. If you are not the intended recipient(s), you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient(s), please contact the sender by reply e-mail and kindly destroy all copies of the original message.

--

The information contained in this transmission may contain privileged and confidential communications. It is intended only for the use of person(s) named above. If you are not the intended recipient(s), you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient(s), please contact the sender by reply e-mail and kindly destroy all copies of the original message.