IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Fischer, Stephanie Lukis, Robert Harper, and Tiffany Adams, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Instant Checkmate LLC,<br><br>Defendants. | Case No. 1:19-cv-04892<br><br>Hon. Judge Gary Feinerman<br><br>Magistrate Judge M. David Weisman |

**DEFENDANT INSTANT CHECKMATE LLC'S REPLY
IN SUPPORT OF ITS MOTION TO COMPEL PLAINTIFF
ROBERT FISCHER TO PRODUCE PREVIOUSLY AGREED UPON DOCUMENTS**

# TABLE OF CONTENTS

INTRODUCTION ..............................................................................................................1

ARGUMENT ...................................................................................................................1

I. The Information Instant Checkmate Seeks Is Highly Relevant. ................................1

    A. Fischer Should Produce His Off-Facebook Activity Relating To Instant Checkmate Or Evidence Supporting His Claim That No Such Activity Exists. .................2

    B. Fischer's Consents Are Highly Relevant. ..........................................................3

    C. Fischer's Twitter Data Is Highly Relevant. ........................................................5

II. Fischer Should Be Held to His Agreement To Produce His Social Media Data. .......6

CONCLUSION.................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Aircrash Disaster Near Roselawn, Ind. Oct. 31, 1994*,
   172 F.R.D. 295 (N.D. Ill. 1997) ............................................................................................1, 2

*ED&F Cap. Mkts. Ltd. v. JVMC Holdings Corp.*,
   335 F.R.D. 174 (N.D. Ill. 2020) ..................................................................................................7

*Gross v. Chapman*,
   No. 19 C 2743, 2020 WL 4336062 (N.D. Ill. July 28, 2020) .....................................................3

*H Guys, LLC v. Halal Guys Franchise, Inc.*,
   No. 19 C 4974, 2020 WL 3578026 (N.D. Ill. July 1, 2020) .......................................................3

*Meyer v. S. Pac. Lines*,
   199 F.R.D. 610 (N.D. Ill. 2001) ..................................................................................................2

*Vrdolyak v. Avvo, Inc.*,
   206 F. Supp. 3d 1384 (N.D. Ill. 2001) ....................................................................................4, 5

**Other Authorities**

Fed. R. Civ. P. 37 ................................................................................................................................7

## INTRODUCTION

As set out in its opening memorandum, Instant Checkmate seeks plaintiff Robert Fischer's social media data relating to two important issues in the case: (1) Fischer's interactions with the Instant Checkmate website; and (2) Fischer's consents to third parties sharing his data, such as cell phone numbers and email addresses, for advertisement purposes. In particular, Instant Checkmate seeks three types of data relevant to these issues that plaintiffs' counsel previously agreed to produce for Fischer and already has produced for plaintiff Stephanie Lukis: (1) Fischer's Off-Facebook Activity relating to Instant Checkmate; (2) Fischer's consents to share his contact information with third parties, including a document from his Facebook account titled "Advertisers Who Uploaded a Contact List With Your Information" ("Consents"); and (3) Fischer's Twitter data that corresponds to the Twitter data that Lukis already produced.

In response, plaintiffs' counsel readily admit that they agreed to and did produce these documents as to Lukis (Dkt. 135 ("Opp.") at 8), but dispute that they agreed to produce them for Fischer, even though both agreements were reached at the same January 13, 2021 meet and confer. Moreover, as Fischer admits as to most of the data, the data Instant Checkmate seeks is highly relevant. Fischer has no basis to withhold it.

## ARGUMENT

**I.     The Information Instant Checkmate Seeks Is Highly Relevant.**

Fischer admits that much of the data Instant Checkmate seeks is relevant. Fischer's relevance arguments as to the remaining information misapprehend the issues in the case and disregard the broad scope of discovery under the Federal Rules of Civil Procedure, which allows discovery of information where "there is any possibility that the information sought may be relevant to the subject matter of the action." *In re Aircrash Disaster Near Roselawn, Ind. Oct. 31,*

*1994*, 172 F.R.D. 295, 303 (N.D. Ill. 1997). Plaintiff cannot meet his burden to show the discovery should be disallowed. *See Meyer v. S. Pac. Lines*, 199 F.R.D. 610, 611-12 (N.D. Ill. 2001).

      **A.**    **Fischer Should Produce His Off-Facebook Activity Relating To Instant Checkmate Or Evidence Supporting His Claim That No Such Activity Exists.**

The first document Instant Checkmate seeks is Fischer's Off-Facebook Activity relating to Instant Checkmate, which would provide information that Instant Checkmate cannot otherwise identify about his access of its website. *See* Dkt. 129 ("Mot.") at 3-4. Fischer concedes that Facebook records showing Fischer's visits to Instant Checkmate's website are relevant. Opp. at 5-6. But, after the parties discussed this specific document for over a month, plaintiffs' counsel now claims that "[a] search was done of Fischer's off-Facebook data going back to 2018" and that, although Fischer "has off-Facebook activity", "no records showing a visit to Defendant's website [were] found." *Id.*

Instant Checkmate has well-founded skepticism about the alleged lack of Fischer's Off-Facebook Activity relating to Instant Checkmate in light of several facts, including: (1) plaintiffs' counsel's explicit commitment to produce this document on February 2, 2021, well after they had collected Fischer's Facebook data; (2) plaintiffs' counsel's unwillingness to provide information on when they searched Fischer's Off-Facebook Activity; (3) other records showing that Fischer accessed Instant Checkmate in 2019; and (4) the possibility—acknowledged by Fischer (Opp. at 6)—that a Facebook user is able to impact what data Facebook tracks and stores by altering their privacy settings. In light of these concerns, plaintiffs' counsel should be required to answer the questions posed in Instant Checkmate's counsel's February 18, 2021 email to plaintiffs' counsel (Dkt. 129-17) or—at a bare minimum—produce: (1) a search of Fischer's Off-Facebook Activity for instantcheckmate.com that reveals no search results; and (2) confirmation that Fischer has not

2

altered his Facebook privacy settings in a way that could have impacted the tracking or storing of his Off-Facebook Activity.

Fischer claims that courts generally do not allow "discovery about discovery" unless there is "adequate factual basis" for such an inquiry. *See* Opp. at 6-7 (citing *Gross v. Chapman*, No. 19 C 2743, 2020 WL 4336062, at *2 (N.D. Ill. July 28, 2020)). But unlike in *Gross*, in which the plaintiffs offered only "mere speculation" that the discovery produced was incomplete, Instant Checkmate has more than "an adequate factual basis" for concern here, where the chronology of communications between the parties and other related documentation call into question plaintiffs' counsel's claim that no responsive documents exist. *Gross*, 2020 WL 4336062, at *2 (citation omitted). Illinois courts have ordered discovery where, as here, there was "at least some indication" that the discovery provided "may have been inadequate[.]" *See H Guys v. Halal Guys Franchise, Inc.*, No. 19 C 4974, 2020 WL 3578026, at *5 (N.D. Ill. July 1, 2020) (ordering additional email searches and a deposition of the person who conducted the searches). Providing the limited additional information Instant Checkmate seeks does not impose any burden and is amply justified based on the admitted relevance of the materials Instant Checkmate seeks.

  **B. Fischer's Consents Are Highly Relevant.**

The second category of documents Instant Checkmate seeks is Fischer's Facebook Consents. Lukis produced her Facebook Consents, which revealed that Lukis shared her contact information with more than 4,200 parties. *See* Mot. at 4. As set out in the motion, Fischer's Consents are highly probative of whether the information displayed in Instant Checkmate's search results and background reports is publicly available, the extent to which Fischer consented to the sharing of his contact information with third parties, and will rebut Fischer's allegation that Instant Checkmate's use of his identity information caused him emotional distress. *Id.* at 8-9.

Fischer does not deny that he has sought discovery on these exact same issues, but nonetheless claims that his Consents are irrelevant.  *First*, he argues incorrectly that the Consents are not relevant to whether the information displayed in Instant Checkmate's search results and background reports is "publicly available" because Fischer providing his contact information to third parties does not mean that information is public. Opp. at 3.  But the extent to which Fischer shared with third parties the same information that is in the reports he challenges bears directly on whether that information is publicly available.  Fischer also suggests incorrectly that this evidence is unnecessary because Instant Checkmate submitted a declaration stating that all information displayed in the Instant Checkmate's search results is obtained from publicly available sources. *See* Opp. at 3 (citing Dkt. 40-1 ¶ 4).  But the existence of other relevant testimonial evidence from Instant Checkmate on this point does not render documentary evidence from Fischer that would be an admission by him of this point irrelevant; to the contrary, adducing such an admission from him would be highly probative.

*Second*, Fischer argues that sharing his contact information with third parties does not amount to written consent under the Illinois Right of Publicity Act because no evidence shows that Instant Checkmate also had an agreement with any such third parties that his information could be shared with Instant Checkmate. Opp. at 3.  But Fischer's response proves why the discovery sought by Instant Checkmate is so relevant:  the discovery Instant Checkmate seeks is exactly what is necessary to identifying any such relationships.  Moreover, the extent to which Fischer's information is public is relevant to Instant Checkmate's defenses, including its First Amendment defense.  *See, e.g.*, *Vrdolyak v. Avvo, Inc.*, 206 F. Supp. 3d 1384, 1386, 1389 (N.D. Ill. 2016) (publication of attorney information gleaned from public records—including name, education, address, and phone number—was protected by First Amendment).

*Third*, Fischer argues that the Consents are irrelevant to his claim for emotional distress because that claim is based on Instant Checkmate's use of his information for a commercial purpose. But the extent to which Fischer was sharing this same information with other third parties—including third parties using his information for "targeted advertisements[,]" as he claims (Opp. at 2)—relates directly to whether Instant Checkmate's sharing of that same information could have caused him emotional distress damages. Notably, Fischer tacitly admits that the information is relevant, stating that "[t]o the extent that Defendant is arguing that these disclosures make Fischer's claim for emotional distress less likely, Defendant is entitled to explore that in deposition." Opp. at 4. But Instant Checkmate cannot depose Fischer on the third-party disclosures if Fischer does not produce them. His refusal to produce them is unjustified.

C. **Fischer's Twitter Data Is Highly Relevant.**

The third type of data Instant Checkmate seeks is Fischer's Twitter data. This data is likewise relevant to the public nature of Fischer's information, his consents for third parties to use such information and his other interactions with the Instant Checkmate website. For example, Lukis's production of Twitter data included "connected applications" that "have permission to access some or all of [Lukis'] account data." Mot. Ex. 1, Berman Decl. ¶ 6; Mot. Ex. H.

Fischer claims that Instant Checkmate's motion is "premature" because the parties have not "revisited" Instant Checkmate's requests for Fischer's Twitter data. Opp. at 4.[1] But Instant

---

[1] Fischer misleadingly cites just one of Instant Checkmate's document requests for documents reflecting Fischer's "public facing social media accounts" to suggest that Instant Checkmate is now seeking broader discovery. Opp. at 4. But Instant Checkmate also sought, among other things, "all documents where You have consented to Your Identity information being used by another" and all documents that support or refute Fischer's interrogatory responses, including Fischer's response to Instant Checkmate's Interrogatory #1 asking Fischer to identify all instances in which he accessed the Instant Checkmate website. *See* Mot. Ex. B. These requests encompass the Twitter data that Instant Checkmate seeks and plaintiffs' counsel agreed to provide.

5

Checkmate's counsel has followed up with plaintiffs' counsel regarding this request multiple times, and plaintiffs' counsel still has not responded. *See, e.g.*, Mot. Ex. N (Feb. 16, 2021 email: "With respect to Mr. Fischer's other social media activities, you have provided no reason why this information has not been produced. Please produce these documents by close of business tomorrow, or you will leave us with no choice but to seek the Court's assistance[.]"). Fischer also claims the "motion is unclear in what it seeks." Opp. at 5. Instant Checkmate seeks from Fischer the same Twitter data that was produced by Lukis, which plaintiffs' counsel concedes included "additional private Twitter information" that Fischer has not produced (Opp. at 8), along with any other Twitter data that reflects either (1) Fischer's visits to Instant Checkmate's website; or (2) documents reflecting Fischer's consent to the sharing of his information.[2] This information should be produced forthwith.

## II. Fischer Should Be Held to His Agreement To Produce His Social Media Data.

Plaintiffs' counsel agreed on January 13, 2021, to produce all social media data accessible from the social media accounts of Fischer and Lukis. *See* Mot. at 1-2. Plaintiffs' counsel now claims that he never agreed to produce all of Fischer's social media data. Opp. at 7. Despite exchanging multiple emails and participating in several meet and confer calls with Instant Checkmate's counsel, plaintiffs' counsel's response brief is the first instance in which they have denied the existence of the January 13 agreement. Plaintiffs' counsel's characterizations of the parties' discussions are inaccurate,[3] as evidenced by the contemporaneous email communications

---

[2] In his opposition, Fischer again agreed to produce his Twitter records showing "connected applications" and any records reflecting visits to Instant Checkmate's website. So he should do so now. *See* Opp. at 5.

[3] Among other things, their assertion that Instant Checkmate's counsel "unilaterally hung up on Plaintiffs' Counsel" (Opp. at 6) is untrue. When plaintiffs' counsel unexpectedly called Instant Checkmate's counsel on February 18, she advised plaintiffs' counsel that she had half an hour available because of another previously scheduled call and, at the time that call was to begin, she

submitted with Instant Checkmate's motion and their own admission that they agreed to and did produce these same documents for Lukis. *See* Opp. at 8. As set out in Instant Checkmate's motion, courts hold parties to the promises they make in discovery (Mot. at 6-7), and plaintiffs' counsel should be held to their promise here. Regardless, even if, contrary to the record, they had not made that promise, they lack any justification for withholding the highly relevant information. Fischer should be compelled to produce it without further delay.

\* \* \* \*

Instant Checkmate further asks that the Court award Instant Checkmate its expenses, including attorneys' fees, in bringing this motion pursuant to Rule 37(a)(5). Under Rule 37(a)(5), expenses are mandatory unless the losing party can show that (i) the movant did not attempt to obtain the discovery without court intervention; (ii) the nondisclosure was substantially justified; or (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A); *see ED&F Cap. Mkts. Ltd. v. JVMC Holdings Corp.*, 335 F.R.D. 174, 180 (N.D. Ill. 2020). Fischer does not even attempt to argue that any of these conditions are satisfied, and they are not. Instant Checkmate should therefore be awarded its expenses incurred in bringing this motion.

---

told plaintiffs' counsel that she had to drop the call and offered times to continue to discussion. Plaintiffs' counsel then picked a time for the follow up where Instant Checkmate's counsel made it clear she only had another half an hour; he declined other times where more time could be spent. At the end of the half an hour, Instant Checkmate's counsel had to end the call due to prior commitments of which they had advised plaintiffs' counsel before the call.

## CONCLUSION

For the above reasons, the Court should enter an order granting Instant Checkmate's motion to compel and awarding Instant Checkmate its expenses, including attorneys' fees, incurred in bringing this motion.

Dated: March 12, 2021

Respectfully submitted,

INSTANT CHECKMATE LLC

By: /s/ Debbie L. Berman

Debbie L. Berman, #6205154
Wade A. Thomson, # 6282174
Clifford W. Berlow, #6292383
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312 222-9350
Facsimile: 312 527-0484
dberman@jenner.com
wthomson@jenner.com
cberlow@jenner.com

Ian Heath Gershengorn (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001-4412
Telephone: 202 639-6000
Facsimile: 202 639-6066
igershengorn@jenner.com

Avanti D. Bakane, #6299022
GORDON REESE SCULLY MANSUKANI, LLP
One North Franklin, Suite 800
Chicago, IL 60606
Telephone: 312 619-4922
abakane@grsm.com

Damon W.D. Wright (*pro hac vice*)

GORDON REESE SCULLY MANSUKANI, LLP
1101 King St., Suite 520
Alexandria, VA 22314
Telephone: 703 650-7016
dwright@grsm.com

*Attorneys for Defendant Instant Checkmate LLC*

# **CERTIFICATE OF SERVICE**

I, Debbie L. Berman, certify that on March 12, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

/s/ *Debbie L. Berman*
Debbie L. Berman