**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROBERT FISCHER, STEPHANIE LUKIS, ALESSANDRA FISSINGER-FIGUEROA, ERIC CARVALHO, JOSE CAMACHO, RHONDA COTTA, ROGELIO RAMIREZ, JAKE WEBB, JAMES ANDERSON, THERESE BACKOWSKI, JUSTIN ROGALSKY, NATEEMA LEWIS, and NICHOLAS FIORITTO, individually and on behalf of all others similarly situated, | Case No. 19-cv-04892<br><br>Hon. Manish S. Shah |
| *Plaintiffs,* | |
| v. | |
| INSTANT CHECKMATE LLC, TRUTHFINDER LLC, INTELIUS LLC, THE CONTROL GROUP MEDIA COMPANY, LLC, and PEOPLECONNECT, INC., | |
| *Defendants* | |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter coming before the Court on Plaintiffs' Motion for and Memorandum in Support of Final Approval of Class Action Settlement (dkt. 283) and Plaintiffs' Motion for and Memorandum in Support of Attorneys' Fees, Expenses, and Incentive Awards (dkt. 278), the Court having been advised of the premises, and having duly considered the papers and arguments of all interested parties, and having held a Final Approval Hearing on February 15, 2024,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.      Unless defined herein, terms and phrases in this Order shall have the same meaning ascribed to them in the Class Action Settlement Agreement, (dkt. 283-1).

1

2. This Court has subject-matter jurisdiction to approve the Settlement Agreement, including all attached exhibits, and personal jurisdiction over all Settlement Payment Class Members and Multistate Injunction Settlement Class members.

3. On September 8, 2023, this Court preliminarily approved the Settlement Agreement. (Dkt. 272.)

4. Pursuant to Federal Rules of Civil Procedure 23(b)(2), the Court certified, for settlement purposes, the following Multistate Injunction Settlement Classes:

> **Alabama Injunction Settlement Class:** all Alabama residents for whom Instant Checkmate can generate a name, age, and one or more location(s) and relative(s) in either the SEO Directory or the Search Results of Defendants' Websites. (Dkt. 272 ¶ 3.)

> **California Injunction Settlement Class:** all California residents for whom Instant Checkmate can generate a name, age, and one or more location(s) and relative(s) in either the SEO Directory or the Search Results of Defendants' Websites. (*Id.*)

> **Illinois Injunction Settlement Class:** all Illinois residents for whom Instant Checkmate can generate a name, age, and one or more location(s) and relative(s) in either the SEO Directory or the Search Results of Defendants' Websites. (*Id.*)

> **Indiana Injunction Settlement Class:** all Indiana residents for whom Instant Checkmate can generate a name, age, and one or more location(s) and relative(s) in either the SEO Directory or the Search Results of Defendants' Websites. (*Id.*)

> **Nevada Injunction Settlement Class:** all Nevada residents for whom Instant Checkmate can generate a name, age, and one or more location(s) and relative(s) in either the SEO Directory or the Search Results of Defendants' Websites. (*Id.*)

> **Ohio Injunction Settlement Class:** all Ohio residents for whom Instant Checkmate can generate a name, age, and one or more location(s) and relative(s) in either the SEO Directory or the Search Results of Defendants' Websites. (*Id.*)

> **South Dakota Injunction Settlement Class:** all South Dakota residents for whom Instant Checkmate can generate a name, age, and one or more location(s) and relative(s) in either the SEO Directory or the Search Results of Defendants' Websites. (*Id.*)

Excluded from each respective Multistate Injunction Settlement Class are: (1) any Judge or

Magistrate presiding over this Action and members of their families, and (2) Defendants, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest.

5. Additionally, pursuant to Federal Rules of Civil Procedure 23(b)(3), the Court certified, for settlement purposes, the following Settlement Payment Classes:

**Alabama Settlement Payment Class**: all individuals in the SEO Directory who were either searched for or otherwise navigated to on Instant Checkmate, Truthfinder, Intelius, or U.S. Search on or after August 11, 2019, through the date of Preliminary Approval, and for whom a report was purchased through the SEO Directory as a result of the search or navigation that displayed an Alabama address per the Defendants' records. (*Id.* ¶ 6.)

**California Settlement Payment Class**: all individuals in the SEO Directory who were either searched for or otherwise navigated to on Instant Checkmate, Truthfinder, Intelius, or U.S. Search on or after August 11, 2019, through the date of Preliminary Approval, and for whom a report was purchased through the SEO Directory as a result of the search or navigation that displayed a California address per the Defendants' records. (*Id.*)

**Illinois Settlement Payment Class**: all individuals in the SEO Directory who were either searched for or otherwise navigated to on Instant Checkmate, Truthfinder, Intelius, or US Search on or after June 21, 2018, through the date of Preliminary Approval, and for whom a report was purchased through the SEO Directory as a result of the search or navigation or for whom a report was purchased after a follow-up e-mail was sent, that displayed an Illinois address per the Defendants' records. (*Id.*)

**Indiana Settlement Payment Class**: all individuals in the SEO Directory who were either searched for or otherwise navigated to on Instant Checkmate, Truthfinder, lntelius, or U.S. Search on or after December 6, 2020, through the date of Preliminary Approval, and for whom a report was purchased through the SEO Directory as a result of the search or navigation that displayed an Indiana address per the Defendants' records. (*Id.*)

**Nevada Settlement Payment Class**: all individuals in the SEO Directory who were either searched for or otherwise navigated to on Instant Checkmate, Truthfinder, Intelius, or U.S. Search on or after December 6, 2018, through the date of Preliminary Approval, and for whom a report was purchased through the SEO Directory as a result of the search or navigation that displayed a Nevada address per the Defendants' records. (*Id.*)

**Ohio Settlement Payment Class**: all individuals in the SEO Directory who were either searched for or otherwise navigated to on Instant Checkmate, Truthfinder, Intelius, or U.S. Search on or after January 29, 2017, through the date of preliminary approval, and for whom a report was purchased through the SEO Directory as a result of the search or navigation that displayed an Ohio address per the Defendants' records. (*Id.*)

**South Dakota Settlement Payment Class**: all individuals in the SEO Directory who were either searched for or otherwise navigated to on Instant Checkmate, Truthfinder, Intelius, or U.S. Search on or after December 6, 2019, through the date of Preliminary Approval, and for whom a report was purchased through the SEO Directory as a result of the search or navigation that displayed an South Dakota address per the Defendants' records. (*Id.*)

Excluded from each respective Settlement Payment Class are: (1) any Judge or Magistrate presiding over this Action and members of their families, (2) Defendants, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest, (3) persons who properly execute and file a timely request for exclusion from any respective Settlement Payment Class, and (4) the legal representatives, successors, or assigns of any such excluded persons.

6.      The Court now confirms final certification of the Multistate Injunction Settlement Classes and the Settlement Payment Classes (together, the "Settlement Classes") for purposes of entering final judgment.

7.      Notice to the Settlement Payment Classes has been provided in accordance with the Court's Order granting Preliminary Approval, and the substance of and dissemination program for the Notice—which included direct notice via email and U.S. Mail, three rounds of email reminder notices and one round of postcard reminder notice, and the creation of the Settlement Website—provided the best practicable notice under the circumstances. In addition to the Notice ordered by the Court at Preliminary Approval, at Class Counsel's request the Settlement Administrator performed "skip tracing" to identify new addresses to send additional

notice. The notice reached 95.73% of the Settlement Payment Classes.[1] Notice was reasonably

calculated to apprise Settlement Payment Class Members of the pendency of the Action and their

rights to object to or exclude themselves from the Settlement Agreement, that they would be

bound by all order unless excluded, and the option to appear at the Final Approval Hearing; was

reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive

notice; and fulfilled the requirements of the Federal Rules of Civil Procedure, the Due Process

Clause of the United States Constitution, and the rules of this Court. Per the Court's order, no

notice was required to be provided to the Multistate Injunction Settlement Classes. (Dkt. 272.)

8.      The Court finds that the appropriate government officials were properly and

timely notified of the Settlement Agreement pursuant to the Class Action Fairness Act of 2005

("CAFA"), 28 U.S.C. § 1715. As required by CAFA, more than ninety (90) days have elapsed

between the date since notice was provided pursuant to CAFA and the Final Approval Hearing.

9.      The Settlement Agreement was the result of arm's-length negotiations conducted

in good faith by experienced attorneys familiar with the legal and factual issues of this case, was

reached with the assistance of Hon. Sidney Schenkier (ret.) of JAMS, and is supported by the

Class Representatives and Class Counsel. The Class Representatives and Class Counsel

adequately represented the Settlement Classes for purposes of entering into and implementing

the Settlement Agreement.

10.     The Court has considered each of the factors set forth in Federal Rule of Civil

Procedure 23(e)(2), as well as the settlement approval factors set forth by the Seventh Circuit.

*See Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014). The Court finds that the

---

[1]     Notice reached the following percentage of each Settlement Payment Class by state:
Alabama: 96.78%, California: 95.84%, Illinois: 94.89%, Indiana: 97.04%, Nevada: 95.90%,
Ohio: 96.44%, South Dakota: 95.34%.

Settlement Agreement is fair, reasonable, and adequate as to, and in the best interests of, the

Members of the Settlement Classes in light of the complexity, expense, and duration of the

litigation, the risks involved in establishing liability and damages and in maintaining the class

action through trial and appeal, the lack of any objections to the settlement by Settlement Class

Members, and the reported rate of Approved Claims by Settlement Payment Class Members. The

consideration provided under the Settlement Agreement constitutes fair value given in exchange

for the Released Claims. The Court finds that the consideration to be paid to the Settlement

Payment Classes is reasonable, considering the facts and circumstances of the claims and

defenses available in the Action and the potential risks and likelihood of success of alternatively

pursuing litigation on the merits.

11.     No Settlement Class Members have objected to any of the terms of the Settlement

Agreement, and only two individuals have opted out of the Settlement Payment Classes, as

identified in Exhibit H to the declaration submitted by the Settlement Administrator in support of

final approval. (Dkt. 283-3).

12.     The Settlement Agreement is hereby finally approved in all respects. The Parties

and their counsel are directed to implement and consummate the Settlement Agreement

according to its terms and conditions. The Parties and members of the Settlement Classes are

bound by the terms and conditions of the Settlement Agreement.

13.     Other than as provided in the Settlement Agreement and this order, the Parties

shall bear their own costs and attorneys' fees.

14.     Subject to the terms and conditions of the Settlement Agreement, this Court

hereby enters this Final Approval Order and dismisses this case on the merits and with prejudice.

15.     Upon the Effective Date of the Settlement Agreement, Plaintiffs and each

Settlement Payment Class Member and their respective present or past heirs, executors, estates,

administrators, assigns and agents, shall be deemed to have fully, finally, and forever released,

acquitted, relinquished and completely discharged (1) Instant Checkmate LLC, PubRec LLC,

Intelius LLC, Truthfinder LLC, PCHI Parent Inc., The Control Group Media Company, LLC,

and PeopleConnect, Inc., (2) their respective parent entities, (3) each of their respective

principals, investors, controlling shareholders, trustees, estates, heirs, executors, and

administrators, and (4) the officers, directors, shareholders, employees, attorneys,

representatives, agents, insurers, reinsurers, vendors, successors, predecessors, and assigns of (1),

(2), and/or (3) from any and all past and present claims or causes of action, brought or that could

have been brought, whether known or unknown (including Unknown Claims, as defined in the

Settlement Agreement), arising from or related to the alleged use of a person's name, age,

contact information, former residence locations, list of possible relatives, likeness, photograph,

image, or other identifying information to advertise, promote, or in connection with an offer for

sale of any products or services on Defendants' Websites. Members of the Multistate Injunction

Settlement Classes who are not members of the Settlement Payment Classes are not Releasing

Parties and are therefore not subject to this release.

       16.     The Parties may, without further approval from the Court, agree to and adopt such

amendments, modifications, and expansions of the Settlement Agreement and its implementing

documents (including all exhibits) that (i) shall be consistent in all material respects with this

Final Approval Order; and (ii) do not limit the rights of any Settlement Class Members.

       17.     The Court awards to Class Counsel a fair and reasonable attorneys' fee, which

shall include all attorneys' fees and reimbursable expenses associated with the Action, in the

total amount of $3,336,345.70. This amount shall be paid proportionally from the State-Specific

Settlement Funds pursuant to the terms in the Settlement Agreement. In determining the attorneys' fee award, the Court has considered the prevailing market rates for counsel in similar litigation to approximate the terms that Class Counsel and the absent Settlement Class Members would have agreed to *ex ante*, had negotiations occurred. *In re Synthroid Mktg. Litig.*, 264 F.3d 712 (7th Cir. 2001). The Court finds that the attorneys' fee award here, which equates to 35% of each State-Specific Settlement Fund, after the amount paid for Settlement Administration Expenses and the incentive awards, is in line with fee awards provided in similar statutory privacy cases in this District and is reasonable in light of both the risk that Class Counsel took on in accepting the case and the relief Class Counsel ultimately obtained for the Settlement Classes.

18.     The Court awards the following incentive awards to the Class Representatives of the Settlement Payment Classes and the Multistate Injunction Settlement Classes: Alabama: $5,000 to Plaintiff Camacho; California: $750 to each of Plaintiffs Cotta, Ramirez, and Webb; Illinois: $10,000 incentive to each of Plaintiffs Fischer and Lukis, and $1,000 incentive awards to each of Plaintiffs Fissinger-Figueroa and Carvalho; Indiana: $1,000 to Plaintiff Anderson; Nevada: $750 to Plaintiff Fioritto; Ohio: $2,500 to each of Plaintiffs Backowski and Rogalsky; and South Dakota: $1,000 to Plaintiff Lewis. These amounts shall be paid pursuant to the terms in the Settlement Agreement.

19.     The Court approves the payment of all reasonable Settlement Administration Expenses to the Settlement Administrator.

20.     To the extent that any check issued to a Member of the Settlement Payment Classes pursuant to the Settlement Agreement is not cashed within one hundred and eighty (180) days of issuance or an electronic deposit is unable to be processed within one hundred and eighty (180) days of the first attempt, such residual funds shall revert to their respective State-Specific

Settlement Fund to be distributed *pro rata* to Members of the Settlement Payment Classes with Approved Claims if practicable. If redistribution is not feasible or if residual funds remain in any State-Specific Settlement Fund after redistribution, Class Counsel shall file a motion with the Court proposing an appropriate distribution of any residual funds.

21.     Without affecting the finality of this Final Approval Order for purposes of appeal, the Parties agree that they will submit to the jurisdiction this Court as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Approval Order.

IT IS SO ORDERED, this 15th day of February, 2024.

HON. MANISH S. SHAH
UNITED STATES DISTRICT COURT

9